Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Willie Croskrey*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS BRAY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET LAB USA, INC., PETER BECK, and ADAM SPICE,<br><br>Defendants. | Case No. 2:25-cv-01733-GW-KES<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF WILLIE CROSKREY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Date: May 29, 2025<br>Time: 8:30 a.m.<br>Crtrm.: 9D<br>Judge: George H. Wu |

Willie Croskrey ("Croskrey"), submits this memorandum of law in support of his motion to appoint Croskrey as Lead Plaintiff and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4), on behalf of a putative class (the "Class") of all persons and entities that purchased or otherwise acquired Rocket Lab USA, Inc. ("Rocket Lab" or the "Company") securities between November 12, 2024 and February 25, 2025, inclusive (the "Class Period")

## I. PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Croskrey is the "most adequate plaintiff" as defined by the PSLRA.

Croskrey has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Croskrey satisfies the relevant requirements of Rule 23, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Croskrey respectfully submits that he is the presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Croskrey's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Rocket Lab is a space company which provides launch services, spacecraft design services, spacecraft components, spacecraft manufacturing and other spacecraft and on-orbit management solutions. In March 2021, the Company announced plans to develop a reusable-ready medium-capacity launch vehicle to increase the payload capacity of its space launch vehicle. The Company refers to this vehicle as the Neutron Launch Vehicle ("Neutron"). In early 2024, Rocket Lab announced it would conduct a test launch of Neutron in mid-2025, with three commercial launches in 2026 and five in 2027.

The complaint alleges that Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects throughout the Class Period. Specifically, the complaint alleges that the Defendants failed to disclose to investors that: (1) the Company's plans for three barge landing tests were significantly delayed; (2) a critical potable water problem was not scheduled to be fixed until January 2026, which delayed preparation of the launch pad; (3) as a result of the foregoing, there was a substantial risk that Rocket Lab's Neutron rocket would not launch in mid-2025; (4) Neutron's only contract was made at a discount with an unreliable partner; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On February 25, 2025, Bleecker Street Research published a report alleging, among other things, that Rocket Lab "has materially misled investors about the likelihood that its Neutron rocket will launch in mid-2025." The report revealed that the Company's plans for three barge landing tests, which were originally scheduled to occur in a window between September 2024 and March 2025, had been pushed back to a window beginning in September 2025 and could occur as late as March 2026. The report further revealed significant delays in preparing the Company's

launch pad, including a potable water problem not scheduled to be fixed until January 2026, which would delay launch further. The report also alleged that Company's only Neutron contract so far is with an "unreliable startup" named E-Space which is described as "risk item." The report further alleged this "contract is not a full-price deal, contrary to what Rocket Lab has said."

On this news, Rocket Lab's stock price fell $2.21, or 9.8%, to close at $20.28 per share on February 25, 2025, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, members of the Class have suffered losses and damages.

## III.   ARGUMENT

### A.   Croskrey Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Croskrey has complied with all the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Croskrey, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Rule 23, and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Croskrey respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

**1. Croskrey Filed A Timely Motion**

On February 27, 2025, notice was published pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A). *See* Declaration of Charles H. Linehan in Support of the Motion of Willie Croskrey for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linehan Decl."), Ex. A. Therefore, Croskrey had sixty days (*i.e.*, until April 28, 2025), to file a motion to be appointed as Lead Plaintiff. As a purchaser of Rocket Lab securities during the Class Period, Croskrey is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Croskrey attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the Class. *See* Linehan Decl., Ex. B. Accordingly, Croskrey satisfies the first requirement to serve as Lead Plaintiff for the Class.

**2.    Croskrey Has The Largest Financial Interest In The Relief Sought By The Class**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added). Courts in this Circuit often rely on the retained shares method to calculate financial interest. *See Foster v. Maxwell Techs., Inc.*, 2013 WL 5780424, at *3 (S.D. Cal. Oct. 24, 2013) ("[T]his Court has adopted the retained share methodology."); *In re Lyft Sec. Litig.*, 2020 WL 1043628, at *4 (N.D. Cal. Mar. 4, 2020) (recognizing that some courts have applied the retained shares method, and adopting the method). The retained shares method "looks to the shares purchased during the class period and retained at the end of the class period and calculates the total net loss considering only those securities." *Id.*; *see also In re AudioEye, Inc. Sec. Litig.*, 2015 WL 13654027, at *5 (D. Ariz. Aug. 3, 2015) ("This Court will follow the Ninth Circuit cases that have held that, when calculating lead plaintiff movant's losses . . . any loss or gain on pre-disclosure sales will be disregarded.").

At the time of this filing, Croskrey believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff." Croskrey purchased Rocket Lab securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $846,651.43. *See* Linehan Decl., Ex. C. To the best of his knowledge, Croskrey is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Croskrey believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Croskrey Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730)); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a) Croskrey's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Croskrey's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Croskrey suffered losses as a result of his Rocket Lab transactions during the Class Period. Like all members of the Class, Croskrey alleges that the Defendants violated federal securities laws by disseminating materially misleading statements concerning Rocket Lab's operations and financial prospects. Croskrey's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Rocket Lab's share price caused by the Defendants' alleged misrepresentations and omissions. Accordingly, Croskrey's interests and claims are typical of the interests and claims of the Class.

### b) Croskrey Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

Here, Croskrey satisfies the adequacy requirements. "[N]o evidence exists to suggest that [Croskrey is] antagonistic to other members of the class or [his] attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Croskrey resides in Scotts Valley, California and has a business degree. Croskrey is currently retired but was formerly employed by AT&T. Croskrey has been managing his own investments for approximately 7 years. Moreover, Croskrey has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (GPM firm résumé). As such, Croskrey is adequate to represent the Class and should be appointed as lead plaintiff.

**B.      The Court Should Approve Lead Plaintiff's Choice Of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Croskrey has retained GPM to pursue this litigation on his behalf and will retain the firm as lead counsel in the event Croskrey is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit D, the Court may be assured that, by granting Croskrey's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Croskrey's selection of counsel.

**IV.      CONCLUSION**

For the foregoing reasons, Croskrey respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Croskrey as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated:  April 28, 2025     Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**
By: */s Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Willie Croskrey, and Proposed Lead Counsel for the Class*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Willie Croskrey, certifies that this brief contains 2,515 words, which complies with the word limit of L.R. 11-6.1.

DATED: April 28, 2025          *s/ Charles H. Linehan*
                               Charles H. Linehan

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On April 28, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 28, 2025, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan