ROBBINS GELLER RUDMAN
  & DOWD LLP
JENNIFER N. CARINGAL (286197)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jcaringal@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DOUGLAS BRAY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKET LAB USA, INC., et al.,<br><br>Defendants. | Case No. 2:25-cv-01733-GW-KES<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>DATE:      May 29, 2025<br>TIME:       8:30 a.m.<br>CTRM:      9D<br>JUDGE:     Hon. George H. Wu |

4928-4368-5690.v1

## I.    INTRODUCTION

Pending before the Court is a securities class action lawsuit on behalf of purchasers or acquirers of Rocket Lab USA, Inc. ("Rocket Lab" or the "Company") securities between November 12, 2024 and February 25, 2025, inclusive (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 ("Exchange Act").  In securities class actions such as this, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to "consider any motion made by a purported class member in response to the notice" and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Joseph L. Coates should be appointed lead plaintiff because he filed a timely motion, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Coates' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    FACTUAL BACKGROUND

With its principal executive offices located in Long Beach, California, Rocket Lab is a space company that provides launch services and space systems solutions for the space and defense industries.

The complaint alleges that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) Rocket Lab's plans for three barge landing tests were significantly delayed; (ii) a critical potable water problem was not scheduled to be fixed until January 2026, which delayed preparation of the launch pad; (iii) as a result of the foregoing, there was a substantial risk that

4928-4368-5690.v1

Rocket Lab's Neutron rocket would not launch in mid-2025; and (iv) Neutron's only contract was made at a discount with an unreliable partner.

The complaint further alleges that on February 25, 2025, Bleecker Street Research published a report titled "Rocket Lab (RKLB): We Think It's Gonna Be a Long, Long Time," that alleged, among other things, that Rocket Lab "has materially misled investors about the likelihood that its Neutron rocket will launch in mid-2025." ECF 1 at ¶3. On this news, the price of Rocket Lab stock fell nearly 10%.

As a result of defendants' allegedly wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Mr. Coates and other putative class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Mr. Coates Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on February 27, 2025 via *Business Wire*. *See* Declaration of Jennifer N. Caringal in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Caringal Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

4928-4368-5690.v1

(aa)   has either filed the complaint or made a motion in response to a notice . . .

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002.  Mr. Coates meets these requirements and should therefore be appointed as Lead Plaintiff.

### 1.    This Motion Is Timely

The February 27, 2025 statutory notice published on *Business Wire* advised purported class members of the pendency of the action, the claims asserted, and the right to move the Court for appointment as lead plaintiff no later than 60 days from the date of the notice, or April 28, 2025.  *See* Caringal Decl., Ex. A.  Because Mr. Coates' motion has been timely filed, he is eligible for appointment as lead plaintiff.

### 2.    Mr. Coates Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Coates purchased 18,500 shares of Rocket Lab stock during the Class Period and suffered approximately $127,263 in losses as a result of defendants' alleged misconduct.  *See* Caringal Decl., Exs. B, C.  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Mr. Coates satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    Mr. Coates Satisfies the Rule 23 Typicality and Adequacy Requirements

Next, the Court "'must then focus its attention on [the plaintiff that has the largest financial interest] and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Schwartz v. Opus Bank*, 2017 WL

4928-4368-5690.v1

5468820, at *2 (C.D. Cal. Feb. 23, 2017) (quoting *Cavanaugh*, 306 F.3d at 730). "Claims are 'typical' under Rule 23 if they are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). The "'adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation.'" *Id.* (citation omitted).

Mr. Coates satisfies the typicality requirement because, like all other class members, he: (1) purchased Rocket Lab securities during the Class Period; (2) was adversely affected by defendants' wrongful conduct; and (3) suffered damages thereby. Mr. Coates' substantial loss provides the requisite interest to ensure vigorous advocacy. Moreover, Mr. Coates' interests are aligned with the putative class. Mr. Coates has amply demonstrated his adequacy by signing a sworn Certification and Declaration stating that he is willing to serve as, and to assume the responsibilities of, class representative. *See* Caringal Decl., Exs. B, D. Finally, as explained below, Mr. Coates has selected experienced and qualified counsel, further evidencing his ability to fairly and competently represent the interests of the putative class.

Because Mr. Coates filed a timely motion, has a significant financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

**B.    The Court Should Approve Mr. Coates' Selection of Counsel**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, Mr. Coates has selected Robbins Geller.[1]

---

[1]    For a detailed description of proposed lead counsel's track record, resources, and attorneys, please see https://www.rgrdlaw.com. Paper copies of the Firm's resume is available upon the Court's request, if preferred.

4928-4368-5690.v1

Robbins Geller, a 200-attorney nationwide law firm with offices in California, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature").  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as an in-District 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Court can be assured that by granting this motion, the class will receive the highest caliber of legal representation.  Accordingly, Mr. Coates' selection of Robbins Geller as lead counsel is reasonable and should be approved.

---

[2]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4928-4368-5690.v1

## IV.  CONCLUSION

Mr. Coates has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, Mr. Coates respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  April 28, 2025

Respectfully Submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
JENNIFER N. CARINGAL
JUAN CARLOS SANCHEZ

s/ Jennifer N. Caringal
JENNIFER N. CARINGAL

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jcaringal@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Joseph L. Coates, certifies that this brief contains 1,500 words, which complies with the word limit of L.R. 11-6.1.

DATED:  April 28, 2025

s/ Jennifer N. Caringal
JENNIFER N. CARINGAL

4928-4368-5690.v1