Robert H. Gruber
**ROBERT H. GRUBER LAW**
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
(310) 496-7799
rgruber@reitergruber.com

*Local Counsel for Chase Renick and Proposed
Liaison Counsel for the Proposed Class*

[Additional Counsel on Signature Block]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS BRAY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ROCKET LAB USA, INC., PETER BECK, and ADAM SPICE, <br><br> Defendants. | Case No. 2:25-cv-01733-GW-KES <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CHASE RENICK FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF LEAD COUNSEL** <br><br> Judge:  George H. Wu <br> Date:   May 29, 2025 <br> Time   8:30 a.m. <br> Crtrm:  9D |

Movant Chase Renick ("Renick") respectfully moves this court for appointment as lead plaintiff, and approval of his choice of lead counsel pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act").

## PRELIMINARY STATEMENT

Presently pending in this district is the above-captioned securities class action (the "Action"). The Action is brought on behalf of all persons or entities (the "Class") who purchased or otherwise acquired Rocket Lab USA, Inc. ("Rocket Lab" or the "Company") securities between November 12, 2024 and February 25, 2025, inclusive (the "Class Period"). Plaintiff alleges violations of the Exchange Act by Defendants.

The PSLRA creates a rebuttable presumption that the Court should appoint as lead plaintiff the "person" that has the largest financial interest in the litigation and has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

Renick suffered a substantial financial loss of $57,481 on his purchases of Rocket Lab securities during the Class Period.[1] Renick believes he has the largest loss and, thus, the largest financial interest recoverable by the Class. Thus, Renick believes he is the presumptive lead plaintiff in the Action.

---

[1] Renick's losses include losses on claims that were assigned to him. *See* Declaration of Robert H. Gruber in Support of the Motion of Chase Renick for Appointment as Lead Plaintiff and Approval of Selection of Counsel (the "Gruber Decl.") at Ex. B.

1

Renick has also made a *prima facie* showing that he satisfies the requirements of Rule 23 in that his claims are typical of the claims of the Class and they will fairly and adequately represent the interests of the Class. Like other class members, Renick bought Rocket Lab securities during the Class Period and suffered harm from Defendants' alleged misstatements and omissions. Renick will also fairly and adequately represent the interests of the Class. Renick is 37 years old, lives in Timnath, Colorado, has a Master of Science in Data Science and currently works as a Senior Product Manager in the technology field. Renick has been investing for over 5 years. Renick has no conflicts with other Class members. Renick also chose qualified counsel. Thus, Renick satisfies the PSLRA's Rule 23 requirements.

Accordingly, Renick respectfully requests that he be appointed as Lead Plaintiff, and that his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") and Robert Gruber Law be approved as Lead Counsel and Liaison Counsel, respectively.

## SUMMARY OF ALLEGATIONS

According to the complaint, Rocket Lab is a space company which provides launch services, spacecraft design services, spacecraft components, spacecraft manufacturing and other spacecraft and on-orbit management solutions. In March 2021, the Company announced plans to develop a reusable-ready medium-capacity launch vehicle to increase the payload capacity of its space launch vehicle. The Company refers to this vehicle as the Neutron Launch Vehicle ("Neutron"). In early 2024, Rocket Lab announced it would conduct a test launch of Neutron in mid-2025, with three commercial launches in 2026 and five in 2027.

Plaintiff alleges that Defendants failed to disclose to investors that: (1) the Company's plans for three barge landing tests were significantly delayed; (2) a critical potable water problem was not scheduled to be fixed until January 2026,

2

which would delay preparation of the launch pad; (3) as a result of the foregoing, there was a substantial risk that Rocket Lab's Neutron rocket would not launch in mid-2025; and (4) Neutron's only contract was made at a discount with an unreliable partner.

On February 25, 2025, at approximately 10:00 a.m. EST, Bleecker Street Research published a report alleging, among other things, that Rocket Lab "has materially misled investors about the likelihood that its Neutron rocket will launch in mid-2025." The report revealed that the Company's plans for three barge landing tests, which were originally scheduled to occur in a window between September 2024 and March 2025, had been pushed back to a window beginning in September 2025 and could occur as late as March 2026. The report further revealed significant delays in preparing the Company's launch pad, including a potable water problem not scheduled to be fixed until January 2026, which would delay launch further. The report also alleged that the Company's only Neutron contract so far was with an "unreliable startup" named E-Space, which is described as "risk item."

On this news, Rocket Lab's stock price fell $2.21, or 9.8%, to close at $20.28 per share on February 25, 2025.

## ARGUMENT

### I. THE COURT SHOULD APPOINT RENICK AS LEAD PLAINTIFF

#### A. The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative

3

class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B).

Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint…the most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)   has either filed the complaint or made a motion in response to an Early Notice;

ii)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Renick meets the foregoing criteria and is therefore entitled to the presumption of being the "most adequate plaintiff" to serve as Lead Plaintiff on behalf of the Class.

**B.      Renick Is the Most Adequate Plaintiff**

Renick submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, believes that he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**1.      Renick's Motion is Timely**

On February 27, 2025, the Early Notice was published.  *See* Gruber Decl. Ex. A. Accordingly, putative class members had until April 28, 2025 to file any motion for appointment as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class"). Renick has timely filed his Motion in response to the Early Notice.  Additionally, Renick has filed a sworn certification pursuant to 15 U.S.C. § 78u-4(a)(2)(A) attesting to his review of the complaint in the Action and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary.  *See* Gruber Decl. Ex. B. Accordingly, Renick satisfies the first requirement to serve as Lead Plaintiff for the Class.

**2.      Renick Believes He Has the Largest Financial Interest**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   Renick suffered a substantial loss of $57,481 in connection with his Class Period investments in Rocket Lab securities.  *See* Gruber Decl. Ex. C.  Renick is not aware of any other movant that have a greater financial interest than him in the Action.   Accordingly, Renick believes he has the largest financial interest in this litigation and is the presumptive "most adequate plaintiff." *Id.*

5

### 3.   Renick Satisfies the Requirements of Fed. R. Civ. P. 23

Once a movant has demonstrated that it has the largest financial interest, it need only make a *prima facie* showing it otherwise satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage); *Kim v. Advanced Micro Devices, Inc.*, No. 5:18-cv-00321-EJD, 2018 WL 2866666, at *2 (N.D. Cal. June 11, 2018) ("When ruling on a motion for appointment as lead plaintiff, the main focus is on the typicality and adequacy requirements of Rule 23"). As detailed below, Renick readily satisfies the typicality and adequacy requirements of Rule 23.

### i.   Renick's Claims Are Typical of Those of the Class

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation omitted). Renick and all Class members purchased or otherwise acquired Rocket Lab securities, and suffered damages as a result of these transactions due to Defendants' alleged misrepresentations and omissions. Renick's claims arise from the same conduct as those of the other Class members and, thus, satisfy Rule 23's typicality requirement.

### ii.   Renick Will Adequately Represent the Class

The adequacy requirement is met if no conflicts exist between the Lead Plaintiff's and the Class' interests, and the representative's attorneys are qualified,

experienced, and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (determining whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and whether "the representative plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class").

Renick is an adequate Lead Plaintiff. Renick has identical interests to other members of the Class: to maximize recovery of a financial loss from Defendants suffered as a result of Defendants' alleged misstatements and omissions. Renick's substantial financial stake in the litigation gives him every incentive to vigorously pursue the interests of the Class.

Renick has further demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits.

## II.  THE COURT SHOULD APPROVE RENICK'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Gruber Decl. Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, and Robert Gruber Law as Liaison Counsel, the Class is receiving high-caliber legal representation.

7

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country and in this district. Some of the firm's most recent Lead Counsel appointments include *Indiana Public Retirement System v. Rivian Automotive, Inc.*, Case No. 2:24cv04556 (C.D. Cal.); *Zerbato v. AlloVir, Inc.*, Case No. 1:24cv10152 (D. Mass.); *Teroganesian v. Southwest Airlines Co. et al.*, Case No. 4:23cv00115 (S.D. Tex.); *In re Origin Materials, Inc. Securities Litigtion*, Case No. 2:23-cv-01816 (E.D. Cal.); *Ouranitsas v. Tupperware Brands Corporation et al.*, Case No. 6:23cv00511 (M.D. Fla.); *Saye v. NIO Inc. et al.*, Case No. 1:22cv07252 (S.D.N.Y.); *In re IronNet, Inc. Securities Litigation*, No. 1:22-cv-00449 (E.D. Va.); *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319 (C.D. Cal.); *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042 (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240 (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770 (E.D.N.Y.).

The National Law Journal has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2022, Bernstein Liebhard was listed for the sixteenth consecutive year in The Legal 500, a guide to the best commercial law firms in the United States, as well as in Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys for four consecutive years. Bernstein Liebhard was also selected to the National Law Journal's annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

•      *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

•      *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

8

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2015) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21-MC-92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Likewise, Robert Gruber Law is eminently qualified to serve as local counsel. A graduate of Yale College and the UCLA School of Law, Robert Gruber has represented clients across a range of industries, including complex and securities class actions, since 2014. Prior to founding Robert Gruber Law, Mr. Gruber was associated with Greenberg Traurig, LLP and Glancy Prongay & Murray LLP.

## CONCLUSION

For the foregoing reasons, Renick respectfully requests that this Court: (1) appoint Renick as Lead Plaintiff on behalf of the proposed Class; and (2) appoint Bernstein Liebhard and Robert Gruber Law as Lead and Liaison Counsel, respectively, for the litigation.

Dated: April 28, 2025          Respectfully submitted,

                               /s/ Robert H. Gruber

                               _____
                               Robert H. Gruber (Bar No. 301620)
                               **ROBERT GRUBER LAW**
                               100 Wilshire Blvd., Ste. 700
                               Santa Monica, CA 90401
                               (310) 496-7799
                               rgruber@reitergruber.com

                               *Local Counsel for Chase Renick and*
                               *Proposed Liaison Counsel for the*
                               *Proposed Class*

                               **BERNSTEIN LIEBHARD LLP**
                               Laurence J. Hasson
                               Joseph R. Seidman, Jr.
                               10 East 40th Street
                               New York, NY  10016
                               (212) 779-1414 (phone)
                               (212) 779-3218 (fax)
                               lhasson@bernlieb.com
                               seidman@bernlieb.com

                               *Counsel for Chase Renick and*
                               *Proposed Lead Counsel for the*
                               *Proposed Class*

10

**PROOF OF SERVICE**

I HEREBY CERTIFY that, on April 28, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 28, 2025.

*/s/ Robert H. Gruber*
Robert H. Gruber