POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Jerald Hayes and Millibani Binoua*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS BRAY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET LAB USA, INC., PETER BECK, and ADAM SPICE,<br><br>Defendants. | Case No. 2:25-cv-01733-GW-KES<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JERALD HAYES AND MILLIBANI BINOUA FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF COUNSEL<br><br>DATE:  May 29, 2025<br>TIME:  8:30 a.m.<br>JUDGE:  George H. Wu<br>CTRM:  9D (1st Street Courthouse) |

## **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ................................................................1

II.   STATEMENT OF FACTS.....................................................................2

III.  ARGUMENT ......................................................................................4

    A.    HAYES AND BINOUA SHOULD BE APPOINTED
    CO-LEAD PLAINTIFFS ................................................................4

        1.    Hayes and Binoua Are Willing to Serve as Class
        Representatives.....................................................................5

        2.    Hayes and Binoua Have the "Largest Financial Interest"...................6

        3.    Hayes and Binoua Otherwise Satisfy the Requirements of
        Rule 23 of the Federal Rules of Civil Procedure ..............................7

        4.    Hayes and Binoua Will Fairly and Adequately Represent
        the Interests of the Class and Are Not Subject to Unique
        Defenses............................................................................ 12

    B.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL
    SHOULD BE APPROVED ................................................................12

IV.   CONCLUSION ..................................................................................14

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Barnet v. Elan Corp., PLC,*
    236 F.R.D. 158 (S.D.N.Y. 2005) ...................................................................................10

*Beck v. Maximus, Inc.,*
    457 F.3d 291 (3d Cir. 2006)...................................................................................8, 9

*Bruce v. Suntech Power Holdings Co.,*
    No. CV 12-04061 RS, 2012 WL 5927985 (N.D. Cal. Nov. 13, 2012)...................................11

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.,*
    No. 11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012) ........................................6

*Danis v. USN Communs., Inc.,*
    189 F.R.D. 391 (N.D. Ill. 1999)..................................................................................8

*Duncan et al. v. Joy Global Inc.,*
    No. 2:16-cv-1229-pp (E.D. Wis.) ...............................................................................14

*Greebel v. FTP Software,*
    939 F. Supp. 57 (D. Mass. 1996) ................................................................................8

*In re Blue Apron Holdings, Inc. Sec. Litig.,*
    No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017)......................10

*In re CBD Energy Limited Securities Litigation,*
    No. 4:15-cv-01668 (S.D. Tex.) ..................................................................................14

*In re Cendant Corp. Litig.,*
    264 F.3d 201 (3d. Cir. 2001)......................................................................................10

*In re Comverse Tech., Inc., Sec. Litig.,*
    2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)...................................................................6

*In re Flint, Mich. Water Crisis Litigation,*
    No. 16-CV-10444 (E.D. Mich.) ..................................................................................13

*In re Olsten Corp. Sec. Litig.,*
    3 F. Supp.2d 286 (E.D.N.Y. 1998) .........................................................................6, 8

*In re Oxford Health Plans, Inc. Sec. Litig.,*
    182 F.R.D. 42 (S.D.N.Y. 1998) ..................................................................................8

*In re Spectrum Pharm., Inc. Sec. Litigation,*
    No. 16-CV-02279 (D. Nev.) ......................................................................................13

*Knox v. Yingli Green Energy Holding Co.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) ...................................................................6, 7

*Lax v. First Merch. Acceptance Corp.*,
    1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ...............................................................6

*Lerman v. Apple, Inc.*,
    No. 15-CV-07381 (E.D.N.Y.)...................................................................................13

*M&M Hart Living Trust, et al. v. Global Eagle Entertainment, Inc.*,
    No. 17-cv-1479-PA (C.D. Cal.) ...............................................................................13

*Nicolow v. Hewlett Packard Co.*,
    Nos. 12-05980 CRB *et al.*, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013)...............6, 7

*Osher v. Guess
    ?, Inc.*, 2001 WL 861694 (C.D. Cal. Apr. 26, 2001) ...............................................12

*Perrin v. Sw. Water Co.*,
    No. 208CV7844FMCAGRX, 2009 WL 10654690 (C.D. Cal. Feb. 13, 2009) .................10, 11

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986)...................................................................................9

*Robb v. Fitbit Inc.*,
    No. 16-CV-00151-SI, 2016 WL 2654351 (N.D. Cal. May 10, 2016) ...............................10, 11

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ...............................................................................10

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................. *passim*

Private Securities Litigation Reform Act of 1995 .................................................... *passim*

**Rules**

Fed. R. Civ. P. 23.............................................................................................. *passim*

Movants Jerald Hayes and Millibani Binoua (together, "Hayes and Binoua") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Hayes and Binoua as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of all persons other than the above-captioned defendants ("Defendants") who purchased or otherwise acquired Rocket Lab USA, Inc. ("Rocket Lab" or the "Company") securities between November 12, 2024 and February 25, 2025, both dates inclusive (the "Class Period"); and (2) approving Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") and Bronstein, Gewirtz & Grossman, LLC ("Bronstein") as Co-Lead Counsel for the Class in the above-captioned action (the "Action").

## I.      PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   Hayes and Binoua, with losses of approximately $274,035 in connection with their purchases of Rocket Lab securities, have the largest financial interest in the relief sought in the Action to their knowledge.  *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A.  Hayes and

Binoua further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure because they are adequate representatives with claims typical of the other Class members.  Accordingly, Hayes and Binoua respectfully submit that they should be appointed Co-Lead Plaintiffs.

## II.    STATEMENT OF FACTS

Rocket Lab is a space company which provides launch services, spacecraft design services, spacecraft components, spacecraft manufacturing and other spacecraft and on-orbit management solutions.  In March 2021, the Company announced plans to develop a reusable-ready medium-capacity launch vehicle to increase the payload capacity of its space launch vehicle.  The Company refers to this vehicle as the Neutron Launch Vehicle ("Neutron").  In early 2024, Rocket Lab announced it would conduct a test launch of Neutron in mid-2025, with three commercial launches in 2026 and five in 2027.

On February 25, 2025, at approximately 10 AM EST, Bleecker Street Research published a report alleging, among other things, that Rocket Lab "has materially misled investors about the likelihood that its Neutron rocket will launch in mid-2025."  The report revealed that the Company's plans for three barge landing tests, which were originally scheduled to occur in a window between September 2024 and March 2025, had been pushed back to a window beginning in September 2025 and could occur as late as March 2026.  The report further revealed significant delays in preparing the

Company's launch pad, including a potable water problem not scheduled to be fixed until January 2026, which would delay launch further.  The report also alleged that the Company's only Neutron contract so far is with an "unreliable startup" named E-Space which is described as "risk item."  The report further alleged this "contract is not a full-price deal, contrary to what Rocket Lab has said."

On this news, Rocket Lab's stock price fell $2.21, or 9.8%, to close at $20.28 per share on February 25, 2025, on unusually heavy trading volume.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors that: (1) the Company's plans for three barge landing tests were significantly delayed; (2) a critical potable water problem was not scheduled to be fixed until January 2026, which delayed preparation of the launch pad; (3) as a result of the foregoing, there was a substantial risk that Rocket Lab's Neutron rocket would not launch in mid-2025; (4) Neutron's only contract was made at a discount with an unreliable partner; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, Hayes and Binoua and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    HAYES AND BINOUA SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Hayes and Binoua should be appointed Co-Lead Plaintiffs because, to their knowledge, they have the largest financial interest in the Action and otherwise meet the requirements of Rule 23.  Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Hayes and Binoua satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

### 1.    Hayes and Binoua Are Willing to Serve as Class Representatives

On February 27, 2025, counsel for the plaintiff in the Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants, and which advised investors in Rocket Lab securities that they had 60 days from the date of the Notice's publication—*i.e.*, until April 28, 2025—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B.

Hayes and Binoua have filed the instant motion pursuant to the Notice and have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. C. Accordingly, Hayes and Binoua satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

## 2.   Hayes and Binoua Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Hayes and Binoua believe that they have the largest financial interest of any of the Lead Plaintiff movants based on the factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1]  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (same); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 WL 78780, at *3-*4 (N.D. Cal. Jan. 9, 2012) (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 WL 680779, at *6-*7 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 WL 792642, at *4.

During the Class Period, Hayes and Binoua together: (1) purchased 221,339.32609 shares of Rocket Lab stock and 2,920 Rocket Lab options contracts; (2) expended $8,351,338 on their purchases of Rocket Lab securities; (3) retained 1,378.055014 shares of Rocket Lab stock and 370 open Rocket Lab options contracts; and (4) as a result of the disclosure of the fraud, suffered a loss of $274,035 in connection with their Class Period purchases of Rocket Lab securities. *See* Pafiti Decl., Ex. A. Because Hayes and Binoua possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Hayes and Binoua Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative

parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct

that gives rise to the claims of the class members, and if it is based on the same legal theory")).

The claims of Hayes and Binoua are typical of those of the Class. Hayes and Binoua allege, as do all class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Rocket Lab, or omitted to state material facts necessary to make the statements they did make not misleading. Hayes and Binoua, as did all members of the Class, purchased Rocket Lab securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))).

Hayes and Binoua are adequate representatives for the Class.  There is no antagonism between the interests of Hayes and Binoua and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Moreover, Hayes and Binoua have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further, Hayes and Binoua constitute an appropriate duo of the type routinely appointed to serve as Co-Lead Plaintiffs.  *See, e.g.*, *Perrin v. Sw. Water Co.*, No. 208CV7844FMCAGRX, 2009 WL 10654690, at *3 (C.D. Cal. Feb. 13, 2009) ("[C]ourts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation."); *Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351, at *7 (N.D. Cal. May 10, 2016) (appointing five-person investor group as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d. Cir. 2001) (noting "[t]he PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff" (citation omitted)); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D.

158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff).

Hayes and Binoua likewise have demonstrated their adequacy because they are small and cohesive movant duo who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their experience retaining and/or overseeing counsel, their understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D. Courts routinely appoint Co-Lead Plaintiffs under such circumstances. *See, e.g.*, *Fitbit*, 2016 WL 2654351, at *4, *7 (appointing as lead plaintiff a group of five unrelated investors that submitted a joint declaration "stat[ing] that the individual members have discussed the responsibilities of acting as lead plaintiff, will stay in regular communication with counsel and with each other, and will make decisions by consensus"); *Bruce v. Suntech Power Holdings Co.*, No. CV 12-04061 RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing as lead plaintiff a group of three unrelated investors that "submitted a joint declaration attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"); *Perrin*, 2009 WL 10654690, at *3-*4 (appointing as lead plaintiff a group of four investors that "submitted

a Joint Declaration agreeing to 'work together to ensure the maximum recovery on behalf of the proposed class'").

### 4. Hayes and Binoua Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Hayes and Binoua as Co-Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or

> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

The ability and desire of Hayes and Binoua to fairly and adequately represent the Class has been discussed above.  Hayes and Binoua are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class.

### B.   CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

MEMORANDUM OF POINTS AND AUTHORITIES - 2:25-CV-01733-GW-KES

Hayes and Binoua have selected Pomerantz and Bronstein as Co-Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See* Pafiti Decl., Ex. E. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y, in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See id.*

Bronstein is also highly experienced in the areas of securities litigation and class actions, having served in co-lead or executive positions in: *Lerman v. Apple, Inc.*, No. 15-CV-07381 (E.D.N.Y.) (co-lead counsel; $20 million settlement of class action by New York and New Jersey iPhone 4S owners); *In re Flint, Mich. Water Crisis Litigation*, No. 16-CV-10444 (E.D. Mich.) (Plaintiff Executive Committee Member; global settlement with State of Michigan for approximately $600 million); *In re Spectrum Pharm., Inc. Sec. Litigation*, No. 16-CV-02279 (D. Nev.) (co-lead counsel; case settled for approximately $3 million); *M&M Hart Living Trust, et al. v. Global Eagle Entertainment, Inc.*, No. 17-cv-1479-PA (C.D. Cal.) (co-lead counsel in securities

class action); *Duncan et al. v. Joy Global Inc.*, No. 2:16-cv-1229-pp (E.D. Wis.) (co-lead counsel in securities class action; $20 million settlement for the class); *In re CBD Energy Limited Securities Litigation*, No. 4:15-cv-01668 (S.D. Tex.) (co-lead counsel in securities class action). *See* Pafiti Decl., Ex. F.

As a result of Pomerantz and Bronstein's extensive experience in litigation involving issues similar to those raised in the Action, Hayes and Binoua's counsel have the skill and knowledge which will enable them to prosecute the Action effectively and expeditiously. The collaboration between Pomerantz and Bronstein creates synergy and benefits the class through their combined experience. Thus, the Court may be assured that by approving the selection of Co-Lead Counsel by Hayes and Binoua, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Hayes and Binoua respectfully request that the Court issue an Order: (1) appointing Hayes and Binoua as Co-Lead Plaintiffs for the Class; and (2) approving Pomerantz and Bronstein as Co-Lead Counsel for the Class.

Dated:  April 28, 2025                                POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Jerald Hayes and Millibani Binoua and Proposed Co-Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Counsel for Jerald Hayes and Millibani Binoua and Proposed Co-Lead Counsel for the Class*

CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Jennifer Pafiti*
Jennifer Pafiti