Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles H. Linehan (SBN 307439)
  clinehan@glancylaw.com
Pavithra Rajesh (SBN 323055)
  prajesh@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Willie Croskrey*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS BRAY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ROCKET LAB USA, INC., PETER BECK, and ADAM SPICE, <br><br> Defendants. | Case No. 2:25-cv-01733-GW-KES <br><br> **WILLIE CROSKREY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** <br><br> Date: May 29, 2025 <br> Time: 8:30 a.m. <br> Crtrm.: 9D <br> Judge: George H. Wu |

Lead Plaintiff Movant Willie Croskrey ("Croskrey") submits this reply memorandum of law in further support of his motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 16), and in response to the opposition to his motion filed by Jerald Hayes and Millibani Binoua (the "Hayes/Binoua Group") (Dkt. No. 44, "H/B Opp."). Croskrey should be appointed as lead plaintiff and his selection of counsel should be approved because Croskrey has the largest financial interest, and the Hayes/Binoua Group has failed to rebut the presumption that Croskrey is the most adequate plaintiff to represent the class.

# I.    CROSKREY IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF TO BE APPOINTED AS LEAD PLAINTIFF BECAUSE HE HAS THE LARGEST FINANCIAL INTEREST

Croskrey has the largest financial interest because Croskrey has the largest loss. As illustrated in Croskrey's opposition memorandum (Dkt. No. 45 at 3-6), Croskrey has the largest loss as calculated by both of the two most common methods in this Circuit: the retained shares method, and the LIFO method. *See Retail Wholesale Dep't Store Union Loc. 338 Ret. Fund v. Stitch Fix, Inc.*, 2023 WL 3613313, at *3 (N.D. Cal. May 22, 2023) (to calculate loss, courts in this District "often rely on one of two methods": the "LIFO" method or the "retained shares method").

| Movant | Retained Shares Method | LIFO Method[1] |
|---|---|---|
| Croskrey | $846,651 | $368,897 |
| Hayes/Binoua Group | $145,753 | $274,506 |

Moreover, to identify the movant with the largest financial interest, "[m]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses."

---

[1] The loss figures in this chart may differ slightly from the figures presented in the Hayes/Binoua Group's earlier filings because the figures here are normalized using the same 90-day average price to value losses on retained shares as was used in Croskrey's financial interest analysis (Dkt. No. 18-2), as appropriate under the PSLRA. *See* 15 U.S.C. § 78u-4(e) (Limitation on Damages).

*In re Cheetah Mobile, Inc. Sec. Litig.*, 2021 WL 99635, at *3 (C.D. Cal. Jan. 12, 2021) (citation omitted). As such, Croskrey has the largest financial interest.

In fact, the Hayes/Binoua Group concedes that Croskrey has the largest financial interest in its opposition memorandum. *See* H/B Opp. at 7 (identifying Croskrey as "the only other movant who claims to have incurred a larger loss on his Class Period purchases of Rocket Lab securities than Hayes and Binoua").

Since Croskrey also filed a timely motion and made the required preliminary showing that he satisfies the requirements of Rule 23 in his opening motion (*see* Dkt. Nos. 17 at 7-9), Croskrey is the presumptively most adequate plaintiff to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## II.    THE PRESUMPTION THAT CROSKREY IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

The presumption that Croskrey is the most adequate plaintiff may be rebutted only upon "proof" that Croskrey "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Speculative assertions are insufficient. *Murdeshwar v. Searchmedia Holdings Ltd.*, 2010 WL 11556544, at *1 (C.D. Cal. Dec. 15, 2010) (holding "mere speculation" was insufficient to rebut the most adequate plaintiff presumption). The Hayes/Binoua Group has failed to rebut the presumption

The Hayes/Binoua Group attempts to rebut the presumption that Croskrey is the most adequate plaintiff on two bases. First, the Hayes/Binoua Group argues that Croskrey's use of the retained shares method to calculate his loss renders him inadequate. *See* H/B Opp. at 12-15. However, using a well-accepted loss calculation method is not disqualifying. Second, the Hayes/Binoua Group asserts that Croskrey is inadequate on the basis that Croskrey is a "net seller" and "net gainer." *See* H/B Opp. at 12-15. Croskrey is neither—the Hayes/Binoua Group appears to have simply miscalculated. For these reasons, explained further *infra*, the Hayes/Binoua Group

has failed to rebut the presumption that Croskrey is the most adequate plaintiff to be appointed as lead plaintiff.

### A. Croskrey's Use Of The Retained Shares Method Is Not Disqualifying

As an initial matter, the Hayes/Binoua Group does not dispute that the retained shares method is a well-accepted loss calculation method and that Croskrey correctly applied the retained shares method to calculate his loss. Given this, the Hayes/Binoua Group cannot plausibly argue that Croskrey's use of the retained shares method renders him inadequate or is otherwise disqualifying. Despite this, the Hayes/Binoua Group attempts to paint Croskrey's use of the retained shares method as devious. It is not. The Hayes/Binoua Group's attacks on this basis should be rejected.

The Hayes/Binoua Group contends that by using the retained shares method "Croskrey significantly overstated his investment losses" because the retained shares method "ignores the substantial proceeds that he received when he sold shares . . . during the Class Period." *See* H/B Opp. at 12-13. However, Croskrey's loss is not "overstated"—it is correctly stated according to the retained shares method, which ignores losses and gains on intra-class period purchases and sales. As such, Croskrey's loss calculation here is not like the loss calculation in *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019), wherein a movant was disqualified because they, *inter alia*, submitted an erroneous loss calculation that inflated their loss by 34%. *See* H/B Opp. at 12.

The Hayes/Binoua Group also claims that "Croskrey carefully avoid[ed] characterizing" the retained shares method as "plainly deriv[ing] from loss causation principles articulated in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005)," and that such loss causation principles should not be used to calculate losses. *See* H/B Opp. at 14. The accusation is inaccurate—Croskrey articulated that the retained shares method is based on *Dura* principles in his opposition memorandum. *See* Dkt. No. 45 at 4-5. Moreover, the Hayes/Binoua Group itself cites *Foster v. Maxwell Techs., Inc.*,

2013 WL 5780424, at *3 (S.D. Cal. Oct. 24, 2013) as an example of a court that adopted the retained shares method precisely because it is consistent with *Dura*. *See* H/B Opp. at 14 n.3. While the Hayes/Binoua Group also cites other cases that rejected the application of *Dura* and the retained shares method, the fact that district courts are split regarding which loss calculation method should be used does not render Croskrey inadequate for using the retained shares method.

Moreover, even if the Court were to credit the Hayes/Binoua Group's objection to the retained shares method and elect to apply the LIFO method, which accounts for gains on intra-class period purchases and sales, Croskrey still has a larger loss than the Hayes/Binoua Group, as illustrated in the chart above: $368,897 versus $274,506.[2]

Accordingly, the Hayes/Binoua Group has failed to rebut the presumption that Croskrey is the most adequate plaintiff to be appointed as lead plaintiff.

### B.    Croskrey Is Not A "Net Seller" Or A "Net Gainer"

The Hayes/Binoua Group argues that Croskrey is a "net seller and net gainer" during the class period and that he should therefore be disqualified on that basis. *See* H/B Opp. at 16-17. Specifically, the Hayes/Binoua Group claims that "Croskrey . . . sold 17,210 more Rocket Lab shares during the Class Period" than he purchased and received $575,000 more in proceeds than he spent during the class period. *Id.* The Hayes/Binoua Group is incorrect. Croskrey purchased more shares than he sold and expended more than he received in proceeds.

The Hayes/Binoua Group appears to have just miscalculated Croskrey's net shares and net expenditure. They included Croskrey's sales after the corrective disclosure on February 25, 2025 as having occurred during the class period. This is a mistake because the class period ends with the final corrective disclosure. *See In re Nimble Storage Sec. Litig.*, 2017 WL 4355570, at *3 (N.D. Cal. Oct. 2, 2017) ("the

---

[2] The Hayes/Binoua Group contends that Croskrey's LIFO loss is $477,651. *See* H/B Opp. at 13. However, whether Croskrey's LIFO loss is $368,897 or $477,651, it is still larger than the Hayes/Binoua Group's LIFO loss of $274,506.

Class Period ends . . . after corrective disclosures were given to the investing public"). Specifically, here, Croskrey sold 40,800 shares for $20.50 per share on February 25, 2025. *See* Dkt. No. 18-2 at 3-4. These shares were sold in the afternoon—long after the corrective disclosure and resulting price decline in the morning. *See* Dkt. No. 1 (the complaint) ¶¶ 21, 25 ("[o]n February 25, 2025, at approximately 10 AM EST, Bleecker Street Research published a report" alleging that "Rocket Lab 'has materially misled investors about the likelihood that its Neutron rocket will launch in mid-2025'" and "[o]n this news, Rocket Lab's stock price fell $2.21, or 9.8%, to close at $20.28 per share on February 25, 2025"). Since Croskrey's February 25, 2025 sales occurred after the corrective disclosure, they should not count towards his class period net shares or net expenditure. Reversing the Hayes/Binoua Group's error, Croskrey purchased 23,590 shares net during the class period and expended $261,072, net. Accordingly, Croskrey is not a net seller or a net gainer.

*   *   *

The Hayes/Binoua Group has failed to rebut the presumption that Croskrey is the most adequate plaintiff to be appointed as lead plaintiff. Accordingly, Croskrey should be appointed as lead plaintiff, and the Hayes/Binoua Group's lead plaintiff motion is not entitled to further consideration. *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").[3]

---

[3] For example, the Hayes/Binoua Group claims they are "uniquely qualified" to represent the class because they purchased both stock and options. *See* H/B Opp. at 12. However, this is not a legitimate basis to appoint them over Croskrey since Croskrey satisfies the PSLRA requirements for appointment, and the lead plaintiff need not have "standing to sue on every claim." *In re Leapfrog Enterprises, Inc. Sec. Litig.*, 2005 WL 3801587, at *3 (N.D. Cal. Nov. 23, 2005).

## III.   CONCLUSION

For the foregoing reasons, Croskrey respectfully requests that the Court appoint him as lead plaintiff, approve his selection of Glancy Prongay & Murray LLP as lead counsel for the class, and deny the competing motions.

Dated:  May 15, 2025

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**
By:   *s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Willie Croskrey, and Proposed Lead Counsel for the Class*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Willie Croskrey, certifies that this brief contains 1,703 words, which complies with the word limit of L.R. 11-6.1.

DATED: May 15, 2025            *s/ Charles H. Linehan*
                              Charles H. Linehan

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On May 15, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 15, 2025, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan