POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Jerald Hayes and Millibani Binoua*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS BRAY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ROCKET LAB USA, INC., PETER BECK, and ADAM SPICE, <br><br> Defendants. | Case No. 2:25-cv-01733-GW-KES <br><br> REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF JERALD HAYES AND MILLIBANI BINOUA FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF COUNSEL <br><br> DATE:  May 29, 2025 <br> TIME:  8:30 a.m. <br> JUDGE:  George H. Wu <br> CTRM:  9D (1st Street Courthouse) |

Movants Hayes and Binoua[1] respectfully submit this Reply Memorandum of Law in further support of their motion for appointment as Co-Lead Plaintiffs and approval of their selection of Pomerantz and Bronstein as Co-Lead Counsel (Dkt. No. 37).[2]

## I.    PRELIMINARY STATEMENT

This Action is a putative securities class action lawsuit on behalf of investors in Rocket Lab securities.  As with all federal class action securities lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action; *and* who satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added). Of the competing movants before the Court, only Hayes and Binoua satisfy the foregoing statutory criteria.

Although Croskrey has alleged a larger—albeit significantly overstated—financial interest in the Action than Hayes and Binoua, as discussed at length in Hayes and Binoua's

---

[1] All capitalized terms herein are defined in Hayes and Binoua's moving and opposition briefs, unless otherwise indicated.  *See* Dkt. Nos. 38, 44.

[2] Initially four other movants also filed competing motions seeking appointment as lead plaintiff: (i) Hassan (Dkt. No. 20); (ii) Coates (Dkt. No. 29); (iii) Slepko (Dkt. No. 24); and (iv) Renick (Dkt. No. 33).  On April 30, 2025, Hassan filed a notice withdrawing his motion. Dkt. No. 41.  On May 8, 2025, Coates filed a notice withdrawing his motion (Dkt. No. 42) and Slepko filed a notice stating his non-opposition to competing motions (Dkt No. 43).  Renick has filed nothing since his initial motion papers and appears to have abandoned his motion.

opposition brief (Dkt. No. 44), Croskrey's status as a net seller and net gainer with respect to his transactions in Rocket Lab stock categorically disqualifies him from consideration as Lead Plaintiff irrespective of his financial interest.  Courts routinely decline to appoint investors that are net sellers and net gainers as lead plaintiffs under the PSLRA, finding them atypical, inadequate, and subject to unique defenses.  *See, e.g.*, *Scheller v. Nutanix, Inc.*, No. 19-cv-01651-WHO, 2021 WL 2410832, at *6-7 (N.D. Cal. June 10, 2021) (disqualifying "net gainer" from serving as lead plaintiff); *Akhras v. SSR Mining, Inc.*, No. 1:24-CV-00739-DDD-SBP, 2024 WL 3647704, at *8-9 (D. Colo. Aug. 2, 2024) (declining to appoint movant with largest loss as lead plaintiff because movant was a net seller and net gainer).

With Croskrey disqualified from appointment, Hayes and Binoua by default have the largest financial interest in this litigation of any eligible movant, having incurred a significant investment loss of $274,035 on their Class Period purchases of Rocket Lab securities.  In addition to having the largest financial interest, Hayes and Binoua have also robustly demonstrated their typicality and adequacy under Rule 23 (and Croskrey has not so much as argued otherwise).  Hayes and Binoua's claims in the Action are based on the same legal theory and arise from the same events and course of conduct as the Class's claims; they are aware of no conflict between their interests and those of the Class; they have retained experienced and qualified counsel; and as a cohesive investor duo, Hayes and Binoua comprise precisely the type of investor group that courts routinely appoint to

serve as Co-Lead Plaintiffs in PSLRA actions.  Further, having transacted in both Rocket Lab options *and* common stock during the Class Period, Hayes and Binoua's appointment as Co-Lead Plaintiffs will ensure that the interests of both common stock and options investors are represented in this litigation, thereby providing the type of diverse leadership structure that courts often find beneficial to class members.  *See*, *e.g.*, *Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *11 (N.D. Cal. Nov. 28, 2001).

For the foregoing reasons, Hayes and Binoua respectfully request that the Court grant their motion in its entirety and deny Croskrey's competing motion.

## II.     ARGUMENT

### A.     CROSKREY'S MOTION SHOULD BE DENIED

As discussed in Hayes and Binoua's opposition, Croskrey is disqualified from consideration as Lead Plaintiff because he is subject to unique defenses and fails to satisfy the adequacy and typicality requirements of Rule 23.  *See* Dkt. No. 44 at 4-6, 12-17.

As an initial matter, in his opposition brief, Croskrey attempts to supplement his initial lead plaintiff application by belatedly advancing an additional loss calculation methodology that was not alleged in his moving brief as required by the PSLRA.  *See* Dkt. No. 45 at 4-5.  Specifically, after asserting in his moving brief (filed April 28, 2025) that he possesses the largest financial interest in this litigation as calculated under the "retained

shares method"[3] (*see* Dkt. No. 17 at 5), Croskrey then asserted for the first time in his opposition brief (filed May 8, 2025—ten days after the 60-day PSLRA motion deadline had passed) that he also "has the largest loss as calculated by the [last in, first out ("LIFO")] method," pursuant to which "all gains and losses on shares purchased during the class period" are considered in assessing financial interest "whether or not those shares were held over a corrective disclosure." *See* Dkt. No. 45 at 4-5.

The Court should reject Croskrey's belated effort to supplement his lead plaintiff application at this stage of the litigation.  For the purposes of PSLRA lead plaintiff appointment, a movant's losses are assessed ***at the time of filing***.  *See*, *e.g.*, *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 439-40 (S.D. Tex. 2002).  Indeed, "[t]he [PSLRA] statute is unequivocal and imposes precise time requirements" and any "'supplementation [of loss calculations] after the expiration of the sixty (60) day [PSLRA motion deadline] period would not only be inconsistent with the language and purpose of the PSLRA but would effectively nullify the time limits expressly provided therein.'"  *See id.* (quoting *In re Texlon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999)); *Gábor v. Transocean Ltd.*, No. 24 Civ. 9964 (AT), 2025 WL 1181845, at *4 (S.D.N.Y. Apr. 23, 2025) ("[A]llowing [movant] to file its original motion alleging one loss figure and then

---

[3] As discussed in Hayes and Binoua's opposition, the retained shares method fails as a matter of both logic and law because it massively distorts Croskrey's losses and is derived from loss causation principles that courts generally decline to apply when assessing financial interest at this stage of the litigation.  *See* Dkt. No. 44 at 4-5, at 12-15.

file its responsive papers asserting a different loss figure would encourage the type of gamesmanship the PSLRA was meant to remedy.").

Here, the motion papers that Croskrey filed on the lead plaintiff motion deadline made no reference to his losses under a LIFO methodology. *See generally* Dkt. No. 17. Rather, Croskrey asserted his financial interest in this litigation purely under the "retained shares" methodology—which, as discussed at length in Hayes and Binoua's opposition, massively overstated his losses by inexplicably disregarding the $369,000 in proceeds that Croskrey received from sales of Rocket Lab stock during the Class Period. *See id.* at 5; Dkt. No. 44 at 4-5, 13. Only ten days later—*i.e.*, after reviewing the competing motions and presumably perceiving some advantage to partially abandoning his illogical retained shares methodology—Croskrey attempted to bolster his lead plaintiff application in his opposition papers by belatedly offering loss figures calculated pursuant to a LIFO methodology. This is plainly improper and precisely why the PSLRA precludes "subsequent supplementation" of a movant's claimed financial interest. *See Miller v. Dyadic Int'l, Inc.*, No.07-80948-CIV, 2008 WL 2465286, at *5 (S.D. Fla. Apr. 18, 2008) ("the [PSLRA's] sixty (60) day filing deadline is a hard-and-fast rule with no room for subsequent supplementation or modification").

Irrespective of his financial interest, Croskrey is disqualified from consideration as Lead Plaintiff because he is a net seller and net gainer with respect to his transactions in Rocket Lab stock—that is, he sold more shares than he purchased and received more funds

in sale proceeds than he spent purchasing those shares.  Courts routinely decline to appoint net sellers and net gainers as lead plaintiffs under the PSLRA, finding them atypical, inadequate, and subject to unique defenses. *See*, *e.g.*, *In re Bausch & Lomb Inc. Sec. Litig.*, 244 F.R.D. 169, 173–74 (W.D.N.Y. 2007) (collecting cases, finding "'net sellers' and 'net gainers' [. . .] may in fact have profited, rather than suffered, as a result of the inflated stock prices"); *Nutanix*, 2021 WL 2410832, at *6-7 ("[Movant] cannot adequately represent the Class because he is a net seller and a net gainer during the Class Period and, therefore, subject to unique defenses."); *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 WL 566814, at *9 (N.D. Cal. Feb. 15, 2011) ("Besides demonstrating that he potentially benefitted from Defendants' fraud, [movant's] status as a net seller and a net gainer also weighs against him because it may subject him to unique defenses if he were to be the class representative."); *SSR Mining*, 2024 WL 3647704, at *8-9 (declining to appoint net seller/net gainer movant with largest loss as lead plaintiff, finding that "a net seller and net gainer is subject to a unique defense, or is otherwise atypical and inadequate, because it may have (unwittingly) benefited from the fraud, or it may not be as motivated to vigorously litigate and establish full damages for the class").

As discussed in Hayes and Binoua's opposition, the Schedule A appended to the Croskrey Certification shows that Croskrey sold 17,210 more Rocket Lab shares during the Class Period than he purchased and, in connection with the foregoing sales, received over $575,000 more in proceeds than he spent purchasing Rocket Lab shares during the

Class Period. *See* Dkt. No. 44 at 5-6, 16-17; *see also* Dkt. No. 18-2 at *3-4. Accordingly, because Croskrey actually ***benefited*** from Defendants' alleged fraud, he is subject to unique defenses and is atypical and inadequate under Rule 23 with respect to a class of investors who were damaged by the Defendants' alleged fraud.

Conspicuously, despite the obvious relevance of this fact to his fitness to serve as lead plaintiff, Croskrey's moving and opposition briefs have not so much as acknowledged his status as a net seller and net gainer, let alone explained why it should ***not*** disqualify him from serving as lead plaintiff. *See generally* Dkt Nos. 17, 45. As discussed in Hayes and Binoua's opposition, Defendants are nearly certain to attack Croskrey for his status as a net gainer if he is appointed as Lead Plaintiff, thereby subjecting the Class's claims— and the Court's time—to a distracting sideshow as the parties litigate issues that are unique to Croskrey and utterly irrelevant to the Class's fraud claims. *See* Dkt. No. 44 at 17. There is simply no reason to saddle the Class with a representative subject to such debilitating issues. *See In re Bally Total Fitness Sec. Litig.*, No. 04C3530, 2005 WL 627960, at *6 (N.D. Ill. Mar. 15, 2005) ("The PSLRA . . . provides that we ask simply whether [a movant] is likely to be 'subject to' the unique defense . . . ; we do not have to determine that the defense is likely to succeed.").

**B.   HAYES AND BINOUA SHOULD BE APPOINTED CO-LEAD PLAINTIFFS**

In stark contrast to Croskrey, Hayes and Binoua readily satisfy the statutory criteria to be entitled to the "most adequate plaintiff" presumption. First, Hayes and Binoua

incurred a significant loss of approximately $274,035 as a result of Defendants' alleged fraud. *See* Dkt. No. 39-1. Although Croskrey claims to have incurred a larger investment loss than Hayes and Binoua, as discussed above and in Hayes and Binoua's opposition, he is ineligible for appointment as Lead Plaintiff irrespective of the size of his purported investment loss. Accordingly, Hayes and Binoua possess the largest financial interest among the eligible candidates for appointment as Lead Plaintiff.

Second, Hayes and Binoua, an appropriate movant duo of the type routinely appointed to serve as Co-Lead Plaintiffs, have robustly demonstrated their typicality and adequacy under Rule 23 (*see* Dkt. No. 38 at 7-12; Dkt. No. 44 at 8-10), including through a Joint Declaration attesting to, *inter alia*, their backgrounds and investment experience; their understanding of the posture of this litigation; their understanding of the significance of their motion; their understanding of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA; and their readiness to jointly undertake those responsibilities on behalf of the Class. *See generally* Dkt. No. 39-4.

Third, Hayes and Binoua, unlike Croskrey, transacted in Rocket Lab options during the Class Period in addition to Rocket Lab common stock, and incurred losses on both their common stock and options transactions. *See* Dkt. No. 39-1. Accordingly, Hayes and Binoua are uniquely qualified to represent the interests of options investors in this Action and their appointment to serve as Co-Lead Plaintiffs will ensure that the interests of both

common stock and options investors are represented in this litigation. *See*, *e.g.*, *Ventro*, 2001 WL 34497752, at *11.

In his opposition brief (Dkt. No. 45), Croskrey has not challenged the quantum of Hayes and Binoua's financial interest, nor has he argued that they are atypical, inadequate, or otherwise ineligible for appointment as Co-Lead Plaintiffs for any reason. Croskrey has therefore waived any such arguments and may ***not*** raise them for the first time on reply. *See*, *e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Wenzel v. Semiconductor Mfg. Int'l Corp.*, No. CV 20-11219-GW-AFMx, 2021 WL 12312024, at *8 n. 4 (C.D. Cal. Nov. 18, 2021) (stating that "a moving party cannot rely on a new argument in its Reply brief and expect success thereby"). Hayes and Binoua respectfully request that the Court disregard any new opposition arguments that Croskrey raises for the first time on reply, while reserving the right to seek leave to file sur-reply papers as necessary.

## III.   CONCLUSION

For the foregoing reasons, Hayes and Binoua respectfully request that the Court issue an Order: (1) appointing Hayes and Binoua as Co-Lead Plaintiffs for the Class; and (2) approving Pomerantz and Bronstein as Co-Lead Counsel for the Class.

Dated:  May 15, 2025                          POMERANTZ LLP

                                              */s/ Jennifer Pafiti*
                                              Jennifer Pafiti (SBN 282790)

1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Jerald Hayes and Millibani
Binoua and Proposed Co-Lead Counsel for
the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Counsel for Jerald Hayes and Millibani
Binoua and Proposed Co-Lead Counsel for
the Class*

CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


*/s/ Jennifer Pafiti*
Jennifer Pafiti