Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles H. Linehan (SBN 307439)
  clinehan@glancylaw.com
Pavithra Rajesh (SBN 323055)
  prajesh@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Willie Croskrey and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS BRAY, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>ROCKET LAB USA, INC., PETER BECK, and ADAM SPICE,<br><br>      Defendants. | Case No. 2:25-cv-01733-GW-KES<br><br>**WILLIE CROSKREY'S OPPOSITION TO THE HAYES/BINOUA GROUP'S MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>Date: May 29, 2025<br>Time: 8:30 a.m.<br>Crtrm.: 9D<br>Judge: George H. Wu |

Lead Plaintiff Movant Willie Croskrey submits this opposition to the Hayes/Binoua Group's Motion for Leave to File a Sur-Reply. *See* Dkt. No. 50 ("Motion for Leave"); Dkt. No. 50-1 ("Proposed Sur-Reply" or "PSR"). The Motion for Leave should be denied because: (1) Croskrey's reply memorandum did not assert a new argument; (2) the Motion for Leave seeks to introduce new arguments that the Hayes/Binoua Group had the opportunity to assert in their opposition and reply memoranda, but declined to do so; and (3) the Hayes/Binoua Group's proposed new arguments are factually and legally baseless.

## I.   CROSKREY DID NOT PRESENT A NEW ARGUMENT IN HIS REPLY

The Hayes/Binoua Group did not conscientiously review Croskrey's motion and opposition brief and made a series of erroneous arguments based on their own misapprehensions. Instead of acknowledging their errors, they are casting Croskrey's corrections of their errors as "new arguments" to justify filing a sur-reply, which contains different (purportedly less erroneous) arguments. Specifically, the Hayes/Binoua Group claims in their Proposed Sur-Reply that Croskrey asserted for the first time in his reply memorandum that his sales on February 25, 2025 occurred after the corrective disclosure (and therefore after the end of the class period). *See* PSR at 1 ("Croskrey asserts for the first time that his sale . . . on February 25, 2025 . . . actually occurred after the end of the Class Period.") (emphasis removed). This is plainly false, and the Hayes/Binoua Group's lack of attention to the record does not constitute sufficient grounds to grant the Motion for Leave to file the Proposed Sur-Reply.

Croskrey has consistently maintained throughout his briefing, starting with the filing of his initial motion, that his sales on February 25, 2025 occurred after the corrective disclosure. For example, in Croskrey's memorandum of law in support of his lead plaintiff motion, Croskrey explained that he was using the retained shares method to calculate his loss, which considers losses only on "shares purchased during the class period and retained at the end of the class period." *See* Dkt. No. 17 at 6

(quoting *In re Lyft Sec. Litig.*, 2020 WL 1043628, at *4 (N.D. Cal. Mar. 4, 2020)). In his accompanying loss chart (Dkt. No. 18-3) Croskrey includes losses on the shares he sold on February 25, 2025 because, as the note at the bottom of the loss chart explains, those shares "were held as of the corrective disclosure," and sold after. *Id.* Again in Croskrey's opposition memorandum (Dkt. No. 45), he explained that his retained shares loss calculation was premised on the fact that Croskrey's sales on February 25, 2025 occurred after the corrective disclosure. *See* Dkt. No. 45 at 4 (explaining the retained shares method considers "only the shares purchased during the class period and held at the time of the corrective disclosure").[1]

Croskrey has also consistently maintained that he is a net purchaser. Indeed, Croskrey pointed out in his opposition memorandum that he "purchased . . . 23,590 shares net" during the class period. *See* Dkt. No. 45 at 6 n.1. Despite this, the Hayes/Binoua Group falsely claims that Croskrey presented a "new position" in his reply that he "is in fact a net purchaser of Rocket Lab stock by a margin of 23,590 shares." PSR at 2.  As such, Croskrey's reiterating in his reply that "he was . . . a net ***purchaser*** of Rocket Lab shares during the Class Period" was not a new argument. *See* PSR at 2 (quoting Croskrey's reply, Dkt. No. 46 at 4-5.).

Since the claimed basis for Hayes/Binoua Group's Motion for Leave is false—that Croskrey made new arguments on reply—the Motion for Leave should be denied. *See Afifeh v. Ahmadabadi*, 2022 WL 3016147, at *1 (C.D. Cal. July 5, 2022) ("A surreply is improper—and a court should not grant leave to file one—when a reply neither presents new arguments nor new evidence."); *Sagrero v. Bergen Shippers Corp.*, 2022 WL 4397527, at *1 n.1 (C.D. Cal. Sept. 23, 2022) (declining to consider a sur-reply where the arguments in the sur-reply could have been raised earlier).

---

[1] Tellingly, the Hayes/Binoua Group did not object to Croskrey's designation of his February 25, 2025 sales as post-disclosure sales for purposes of his loss calculation. Surely the group should have objected to the designation if they had a *bona fide* belief that the shares were sold prior to the corrective disclosure.

## II.   THE HAYES/BINOUA GROUP SEEKS TO IMPROPERLY INTRODUCE NEW ARGUMENTS IN THEIR SUR-REPLY

The Hayes/Binoua Group is the only movant attempting to improperly raise new arguments, doing so in their Propose Sur-Reply.  First, the Hayes/Binoua Group argues for the first time that Croskrey should be disqualified because including the February 25, 2025 sales in Croskrey's certification renders the certification false. *See* PSR at 6. Second, the Hayes/Binoua Group argues for the first time that "Croskrey . . . has provided no evidentiary support whatsoever for his position" that he "was in fact a net purchaser of Rocket Lab shares during the Class Period." PSR at 1. And third, the Hayes/Binoua Group argues for the first time that Croskrey is subject to a unique defense because there are "questions" about the "timing" of Croskrey's "stock trading relative to the end of the Class Period." PSR at 4.

The Court should reject the Hayes/Binoua Group's belated arguments. These arguments were always available to the Hayes/Binoua Group because Croskrey has consistently maintained throughout the briefing that his sales on February 25, 2025 were after the corrective disclosure. The Hayes/Binoua Group did not raise any of these new arguments in its opposition or reply, and has therefore forfeited the opportunity. *Pereira v. Ralphs Grocery Co.*, 2007 WL 9759648, at *5 (C.D. Cal. July 2, 2007) (rejecting "an improper attempt to raise new arguments in a surreply"); *Mayes v. Amazon.com.dedc LLC*, 2019 WL 2357898, at *2 (W.D. Wash. June 4, 2019) ("new arguments raised in a surreply are improper").

## III.    THE    HAYES/BINOUA    GROUP'S    NEW    ARGUMENTS    ARE    BASELESS

Even if the Court were to consider the Hayes/Binoua Group's new arguments, they are legally baseless[2] and the Court should deny the Motion for Leave on this additional basis.

The Hayes/Binoua Group's claim that Croskrey's certification is false and that he should therefore be disqualified fails for at least two reasons. First, that Croskrey's certification included more transaction information than he was legally obligated to include does not render him inadequate. The Hayes/Binoua Group does not contest that Croskrey's certification sets forth all of his class period transactions, as required by the PSRLA. Instead, the Hayes/Binoua Group's objection is that Croskrey's certification includes an additional transaction he was not obligated to include.

While some movants have been disqualified because (among other issues) their certifications were missing transactions or they provided false dates and prices which distorted the loss calculation, *see* PSR at 6 (citing cases), the Hayes/Binoua Group has not identified any authority that disqualified a movant for filing a certification with more transaction information than is required. Moreover, even if it can be labeled an "error" for Croskrey to submit more transaction information than required, the error is not disqualifying because it does not affect his loss calculation or otherwise prove he is inadequate to represent the class. *See Perrin v. Sw. Water Co.*, 2009 WL 10654690, at *4 (C.D. Cal. Feb. 13, 2009) (appointing a movant who "erroneously stated in his certification that he has not served as a securities class representative during the last three years" because it was not "sufficient to rebut the presumption that [the movant] is the most adequate plaintiff"); *Arias v. Bird Glob., Inc.*, 2023 WL 3814040, at *8 (C.D. Cal. June 2, 2023) ("Any technical errors or omissions in

---

[2] While the new arguments in the Proposed Sur-Reply are briefly addressed herein, to the extent the Court grants the Motion for Leave, Croskrey respectfully requests leave to file a sur-sur-reply to respond to the new arguments in the Proposed Sur-Reply.

Boulware's PSLRA certification do not undermine his or his counsel's adequacy in this case."). Accordingly, the Court should reject this new argument regarding Croskrey's certification.

Second, the Hayes/Binoua Group effectively argues **both** that Croskrey's February 25, 2025 sale **should be** and **should not be** included in his certification. This contradiction further warrants rejection of their argument. The Hayes/Binoua Group argues that inclusion of the sale renders the certification false because the sale fell outside the class period. *See* PSR at 6. The group also argues, however, that "the Class Period was inclusive of February 25, 2025," so "any sales on February 25, 2025 thus fell within the Class Period." PSR at 3-4. By that logic, the Hayes/Binoua Group is claiming that Croskrey's February 25, 2025 sales **should** be included in his certification. In other words, whether Croskrey included the sales or not, the Hayes/Binoua Group would argue that Croskrey's certification is false.[3] Such gamesmanship should be rejected.

The other new arguments made for the first time in the Proposed Sur-Reply are similarly specious. With respect to the Hayes/Binoua Group's new argument that Croskrey "provided no evidentiary support" that he is a net purchaser (*see* PSR at 1), the Hayes/Binoua Group improperly seeks to turn the PSLRA process on its head. *See Ishak v. WM Tech., Inc.*, 2025 WL 791270, at *6 (C.D. Cal. Mar. 11, 2025) ("Under the PSLRA, it is the opposing parties' burden to obtain and present rebuttal evidence; it is not the movant's burden to present evidence to extinguish every suggestion of inadequacy made by an opponent."). To rebut the presumption that Croskrey is the most adequate plaintiff, the PSLRA requires that the Hayes/Binoua Group (not Croskrey) present "proof" through "evidence" that Croskrey is a net seller and net gainer (or otherwise inadequate). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ("The

---

[3] This issue is one of the reasons Croskrey included the February 25, 2025 sale in his certification. If his certification may be attacked either way, it is better to err on the side of including too much information rather than too little.

presumption . . . may be rebutted only upon proof . . . ."); *In re Cavanaugh*, 306 F.3d 726, 739 (9th Cir. 2002) (other movants have "an opportunity to present evidence rebutting the presumption"). However, even in their Proposed Sur-Reply, the Hayes/Binoua Group does not factually dispute that Croskrey sold his shares after the corrective disclosure (and therefore that he is a net purchaser), much less prove it to be false with evidence. As such, this new argument, should be rejected.[4]

The Hayes/Binoua Group's new argument that Croskrey is subject to unique defenses regarding "questions" about the "timing" of his "stock trading relative to the end of the Class Period" (*see* PSR at 4) should also be rejected. Again, the Hayes/Binoua Group has not presented any evidence to suggest (and have not claimed) that Croskrey's post-disclosure sales were in fact pre-disclosure. There is no *bona fide* dispute about the actual timing of Croskrey's sales. As such, the assertion that this will be a unique defense is just speculation absent any evidence, and "[a]ssertions based on speculation alone will fail to rebut the lead plaintiff presumption." *WM Technology*, 2025 WL 791270, at *6. As such, this new argument—like all of the Hayes/Binoua Group's new arguments—is baseless.

## IV.    CONCLUSION

The Hayes/Binoua Group's Motion for Leave to file the Proposed Sur-Reply should be denied. To the extent the Court grants the Motion for Leave, Croskrey respectfully requests leave to file a sur-sur-reply for the narrow purpose of responding to the Hayes/Binoua Group's new arguments presented in their Proposed Sur-Reply.

---

[4] If the Court desires, Croskrey can submit a declaration attesting to the fact he sold the shares after the corrective disclosure to rebut the Hayes/Binoua Group's proposed new argument demanding additional evidence.

Dated:  May 21, 2025

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:   /s Charles H. Linehan
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Willie Croskrey, and Proposed Lead Counsel for the Class*

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Willie Croskrey, certifies that this brief contains 1,954 words, which complies with the word limit of L.R. 11-6.1.

DATED: May 21, 2025          *s/ Charles H. Linehan*
                                                 Charles H. Linehan

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On May 21, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 21, 2025, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan