PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
ZACHARY FAIGEN (SBN 294716)
zack.faigen@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:  (213) 687-5000

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DOUGLAS BRAY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ROCKET LAB USA, INC., PETER BECK, and ADAM SPICE, <br><br> Defendants. | No. 2:25-cv-01733-GW-KES <br><br> 1) REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT; and <br><br> 2) [PROPOSED] ORDER. <br><br> Judge:    Hon. George H. Wu <br> Courtroom: 9D <br> Date:    November 10, 2025 <br> Time:    8:30 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants Rocket Lab USA, Inc. ("Rocket Lab"), Peter Beck and Adam Spice (Beck and Spice together, the "Individual Defendants," and, with Rocket Lab, "Defendants") respectfully request that the Court consider, in connection with Defendants' Motion To Dismiss Amended Class Action Complaint ("Motion"), Exhibits 1 through 16 attached to the Declaration of Zachary Faigen ("Faigen Declaration"):

**Exhibit 1**: A true and correct copy of a publicly available transcript of Rocket Lab's fourth quarter 2022 earnings call on February 28, 2023.

**Exhibit 2**: A true and correct copy of a publicly available transcript of Rocket Lab's fourth quarter 2023 earnings call on February 27, 2024.

**Exhibit 3**: A true and correct copy of excerpts of Rocket Lab's 2023 Form 10-K, filed with the SEC on February 28, 2024.

**Exhibit 4**: A true and correct copy of a publicly available November 12, 2024 press release issued by Rocket Lab, titled "Rocket Lab Signs Multi-Launch Contract for Neutron with Confidential Commercial Satellite Constellation Operator."

**Exhibit 5**: A true and correct copy of a publicly available transcript of Rocket Lab's third quarter 2024 earnings call on November 12, 2024.

**Exhibit 6**: A true and correct copy of a publicly available slide deck titled "Q3 2024 Investor Update," dated November 12, 2024.

**Exhibit 7**: A true and correct copy of a publicly available January 9, 2025 press release issued by Rocket Lab, titled "Rocket Lab Selected by NASA to Provide Neutron Launch Services Under VADR Launch Contract."

**Exhibit 8**: A true and correct copy of a publicly available transcript of Rocket Lab's Investor Presentation at the 27th Annual Needham Growth Conference on January 14, 2025.

**Exhibit 9**: A true and correct copy of a publicly available slide deck associated with Rocket Lab's Investor Presentation at the 27th Annual Needham Growth Conference on January 14, 2025.

**Exhibit 10**: A true and correct copy of a publicly available transcript from a

January 21, 2025 episode of the *Leading Indicator* podcast, titled "Rocket Lab CEO on New Spacecraft, Trump Presidency, and Mission to Venus," along with the episode's official description.

**Exhibit 11**: A true and correct copy of a publicly available transcript of Rocket Lab's Investor Presentation at TD Cowen's 46th Annual Aerospace & Defense Conference on February 12, 2025.

**Exhibit 12**: A true and correct copy of a publicly available slide deck associated with Rocket Lab's Investor Presentation at TD Cowen's 46th Annual Aerospace & Defense Conference on February 12, 2025.

**Exhibit 13**: A true and correct copy of a publicly available February 25, 2025 anonymous short-seller report published by Bleecker Street Research, titled "Rocket Lab (RKLB): We Think It's Gonna Be a Long, Long Time."

**Exhibit 14**: A true and correct copy of a publicly available transcript of Rocket Lab's fourth quarter 2024 earnings call on February 27, 2025.

**Exhibit 15**: A true and correct copy of historical stock price data for Rocket Lab's common stock (ticker: RKLB), from November 12, 2024, the first day of the alleged class period, through July 16, 2025, the day Plaintiffs filed the Amended Complaint. The stock price data was retrieved from the Yahoo! Finance website.

**Exhibit 16**: A true and correct copy of a publicly available March 27, 2025 press release issued by the United States Space Force, titled "Space Systems Command On-Ramps Two New Providers to National Security Space Launch Phase 3 Lane 1 Contract."

//
//
//
//
//
//
//

2

Each of these Exhibits may be properly considered by the Court in connection with Defendants' Motion because each Exhibit is incorporated by reference in the Amended Class Action Complaint for Violations of the Federal Securities Laws ("AC"), subject to judicial notice under Federal Rule of Evidence 201, or both.

DATED:  8/27/2025                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


                                              /s/ *Peter B. Morrison*
                                        PETER B. MORRISON
                                  *Counsel for Defendants Rocket Lab USA, Inc.,*
                                     *Peter Beck, and Adam Spice*

3

## I.    INTRODUCTION

In assessing securities fraud claims, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).[1] "Although often conflated, the doctrine of incorporation by reference is distinct from judicial notice." *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (stating "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201" both "permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways").

Here, Defendants respectfully request that the Court consider Exhibits 1-16 attached to the Faigen Declaration because each Exhibit is incorporated by reference in the AC, subject to judicial notice, or both.

## II.    THE COURT SHOULD CONSIDER EXHIBITS 4-14 BECAUSE THEY ARE INCORPORATED BY REFERENCE IN THE AC

In ruling on a motion to dismiss, the "incorporation by reference doctrine . . . permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (same); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based, a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned").

---

[1] All emphases are added and internal citations, quotation marks and alterations are omitted from quoted material, unless otherwise stated.

"[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs." *Khoja*, 899 F.3d at 1003. It "treats certain documents as though they are part of the complaint itself," and, in doing so, "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002.

A court may consider a document incorporated by reference when a plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* In a federal securities case, if a document "contains [one of the] alleged misrepresentation[s]," the document necessarily "forms the basis of" the claim, and can be considered incorporated by reference into the complaint. *Id.* at 1005.

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court— are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (where "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim . . . the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)").

Here, Plaintiffs quote, reference and rely on Exhibits 4-14 in the following paragraphs of the AC:

| Exhibit Numbers and Descriptions | Paragraphs of the AC |
| --- | --- |
| **Ex 4**: November 12, 2024 press release issued by Rocket Lab, titled "Rocket Lab Signs Multi-Launch Contract for Neutron with Confidential Commercial Satellite Constellation Operator." | ¶¶ 31-32, 52, 58 |
| **Exs. 5 & 6**: November 12, 2024 transcript of Rocket Lab's third quarter 2024 earnings call & accompanying "Investor Update" slide deck presentation. | ¶¶ 30-32, 53-58 |
| **Ex. 7**: January 9, 2025 press release issued by Rocket Lab, titled "Rocket Lab Selected by NASA to Provide Neutron Launch Services Under VADR Launch Contract." | ¶¶ 59, 64 |

| Exhibit Numbers and Descriptions | Paragraphs of the AC |
|---|---|
| **Exs. 8 & 9**: January 14, 2025 transcript and slide deck presentation from Rocket Lab's Investor Presentation at the 27th Annual Needham Growth Conference. | ¶¶ 30, 60-61, 64, 76 |
| **Ex. 10**: January 21, 2025 transcript and official description from the episode of the *Leading Indicator* podcast titled "Rocket Lab CEO on New Spacecraft, Trump Presidency, and Mission to Venus." | ¶¶ 62, 64 |
| **Exs. 11 & 12**: February 12, 2025 transcript and slide deck presentation from Rocket Lab's Investor Presentation at TD Cowen's 46th Annual Aerospace & Defense Conference. | ¶¶ 63-67 |
| **Ex. 13**: February 25, 2025 report published by Bleecker Street Research, titled "Rocket Lab (RKLB): We Think It's Gonna Be a Long, Long Time." | ¶¶ 4-5, 33-35, 82-85 |
| **Ex. 14**: February 27, 2025 transcript of Rocket Lab's fourth quarter 2024 earnings call. | ¶¶ 6, 36-40, 74, 85 |

The Court should consider Exhibits 4-14 under the incorporation by reference doctrine for two reasons. *First,* as the chart above makes clear, the AC references or relies upon Exhibits 4-14 extensively, which provides a sufficient basis for incorporation by reference. *Khoja*, 899 F.3d at 1002; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where . . . the contents of the document are alleged in a complaint."); *In re Intel Corp. Sec. Litig.* 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (incorporating by reference document "cited in two paragraphs of" complaint and another document that was "quoted or referenced in three paragraphs" of complaint). In securities cases specifically, courts routinely consider documents such as "SEC filings, transcripts from analyst and investor calls, and press releases" under the incorporation-by-reference doctrine when those documents are referenced in the complaint. *See, e.g., Cheng Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017) (Wu, J.).

*Second*, Exhibits 4-14 form the basis of Plaintiffs' claims, which is a separate and independent basis for the Court to consider these documents under the incorporation-by-reference doctrine. *See Khoja*, 899 F.3d at 1002, 1005; *Coto Settlement*, 593 F.3d at 1038.

Plaintiffs allege that each of Exhibits 4-12 and 14 either contains a purportedly false or misleading statement, or establishes scienter. (*See* AC ¶¶ 6, 30-32, 36-40, 52-58, 60-68, 74, 76, 85.) Accordingly, these exhibits "form[] the basis" of Plaintiffs' claim, and the Court can consider them in connection with the Motion. *See Khoja*, 899 F.3d at 1004 (holding that document containing alleged misstatement was necessarily "part of [defendant's] [alleged] scheme to inflate its stock values" and therefore "formed the basis of the scheme" and was properly incorporated by reference); *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *5 (N.D. Cal. Nov. 27, 2018) (incorporating by reference earnings call transcripts where "Plaintiffs rely extensively on these transcripts in their complaint to allege that Defendants made fraudulent statements"); *In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (incorporating by reference exhibits where "plaintiffs refer to all the motion to dismiss exhibits . . . as the ground for [defendant's] false statements and scienter").

Exhibit 13 also forms the basis of Plaintiffs' claims because they allege that the short-seller report, reflected in Exhibit 13, constitutes the corrective disclosure for purposes of loss causation. (*See* AC ¶¶ 4-5, 33-35, 82-85.) Courts routinely incorporate by reference documents that are alleged to contain the corrective disclosure in a securities case. *See, e.g.*, *Khoja*, 899 F.3d at 1005; *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *4 (N.D. Cal. July 21, 2020) (incorporating by reference documents cited as corrective disclosures); *In re WageWorks, Inc. Sec. Litig.*, 2020 WL 2896547, at *4 (N.D. Cal. June 1, 2020) (same); *Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *4 (N.D. Cal. Jan. 27, 2020) (same); *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 592-93 (N.D. Cal. 2019) (same).

Accordingly, the Court should consider Exhibits 4-14 attached to the Faigen Declaration under the incorporation-by-reference doctrine.

**III.    <u>THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1-16</u>**

Under Federal Rule of Evidence 201, a fact is subject to judicial notice if it is one not subject to reasonable dispute, meaning that fact is either "(1) . . . generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from

sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[F]acts subject to judicial notice may be considered on a motion to dismiss," *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and a court may "consider items of which it can take judicial notice without converting the motion to dismiss to one for summary judgment." *Belodoff v. Netlist, Inc.*, 2008 WL 2356699, at *3 (C.D. Cal. May 30, 2008). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Here, the Court can take judicial notice of Exhibits 1-16 because they are all public records, the contents of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b); *see also Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010). The Exhibits attached to the Faigen Declaration are (i) SEC filings; (ii) publicly available transcripts and presentations from earnings calls, podcasts and investor presentations; (iii) publicly available press releases; (iv) a publicly available short-seller report; and (v) a spreadsheet reflecting Rocket Lab's historical stock prices from publicly available information. As shown below, courts in this Circuit routinely take judicial notice of such documents in securities cases. *See, e.g.*, *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1230-32 (C.D. Cal. 2015) (taking judicial notice of SEC filings, a company press release, and historical stock price data).

*First*, Exhibit 3 contains excerpts of Rocket Lab's 2023 Form 10-K. Courts regularly take judicial notice of a company's SEC filings for purposes of determining what information was publicly disclosed. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (finding judicial notice of "publicly available financial documents, including a number of Corinthian's SEC filings . . . was proper"); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (a court "may consider . . . any matter subject to judicial notice, such as SEC filings"); *City of Roseville Employees' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013), *aff'd*, 691 F. App'x 393 (9th Cir. 2017) ("Courts routinely take judicial notice of such things

as public SEC filings . . . .").

*Second*, Exhibits 1-2, 5-6, 8-12 and 14 are (i) transcripts and a slide deck from earnings calls, (ii) a transcript from a podcast, and (iii) transcripts and accompanying slide decks from investor presentations. Like SEC filings, "[c]ourts in securities actions routinely take judicial notice of investor call transcripts and presentations." *In re Intel Corp. Sec. Litig.*, 2025 WL 1914884, at *5 (N.D. Cal. Mar. 4, 2025) (taking judicial notice of transcripts and presentations); *see also, e.g.*, *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010) (taking judicial notice of "transcripts of conference calls with analysts and PowerPoint presentations to analysts" "not for the truth of the matter asserted, but to show disclosure of information"); *Patel v. Parnes*, 253 F.R.D. 531, 547 (C.D. Cal. 2008) (taking judicial notice of "conference call transcript" to "provide the full context in which information was disclosed to the market"); *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1122-23 (N.D. Cal. 2017) (taking judicial notice of four earnings call transcripts and "PowerPoint slides presented at [an] investor conference"); *Ardolino v. Mannkind Corp.*, 2016 WL 4505172, at *4 (CD. Cal. Aug. 23, 2016) (taking judicial notice of "transcripts of earnings conference calls"). As in all of these cases, Defendants ask the Court to take judicial notice of Exhibits 1-2, 5-6, 8-12 and 14 solely to demonstrate what information Defendants publicly disclosed to the market.

*Third*, Exhibits 4 and 7 are publicly available press releases issued by Rocket Lab, and Exhibit 16 is a publicly available press release issued by the United States Space Force. It is well established that courts may take judicial notice of "the existence and content of published articles" and press releases. *United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007); *see also In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("Courts in the Ninth Circuit routinely take judicial notice of press releases"); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (taking judicial notice of "press releases, analysts' reports [and] news articles," holding that "the contents of these exhibits are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *United States v. Isaacs*, 2008 WL 4346780, at

9

*2 n.4 (C.D. Cal. Sept. 19, 2008) (taking judicial notice of two Los Angeles Times articles), *aff'd*, 359 F. App'x 875 (9th Cir. 2009); *Prodanova v. H.C. Wainwright & Co.*, 2018 WL 8017791, at *5 (C.D. Cal. Dec. 11, 2018) (taking judicial notice of a press release); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111-12 (N.D. Cal. 2009) (taking judicial notice of defendant's press releases, news articles and third-party analyst reports).

*Fourth*, Exhibit 13 is a publicly available short-seller report from Bleecker Street Research LLC. Similar to analyst reports and press releases, courts can take judicial notice of statements made in short-seller reports to show what information was publicly available to the market. *See, e.g.*, *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 2022 WL 22609807, at *4 (S.D. Cal. Apr. 11, 2022) (granting request for judicial notice and incorporation-by-reference of two short-seller reports because "[c]ourts regularly take judicial notice of [short-seller] reports . . . to determine what may or may not have been disclosed to the public" and because "Plaintiff relies heavily on the Short Seller Reports" in the complaint), *aff'd*, 97 F.4th 634 (9th Cir. 2024); *Sigman v. Nuscale Power Corp.*, 2025 WL 1455432, at *6 (D. Or. May 21, 2025) (taking judicial notice of short-seller report because the contents of the report were "not subject to reasonable dispute").

*Finally*, the Court can judicially notice Exhibit 15, which is a chart from Yahoo! Finance of historical stock prices for Rocket Lab from November 12, 2024, through July 16, 2025. "Because public[ly] traded companies['] historical stock prices can be readily ascertained," "those prices are not subject to reasonable dispute," and "courts routinely take judicial notice of them." *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014); *see also Metzler*, 540 F.3d at 1064 n.7 (judicially noticing a company's "stock price history" is "proper"); *ScripsAmerica*, 119 F. Supp. 3d at 1231-32 (taking judicial notice of historical stock price data); *In re Nvidia Corp. Sec. Litig.*, 2010 WL 4117561, at *2 n.3 (N.D. Cal. Oct. 19, 2010) (taking judicial notice of "the daily closing prices of NVIDIA's common stock as reported by Yahoo! Finance"). Here, because Rocket Lab's stock prices are not subject to reasonable dispute, the Court can take judicial notice of the contents of Exhibit 15.

Upon proper notice, the Court is required to take judicial notice of the documents listed above. *See* Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."); *accord Lyon*, 626 F.3d at 1075. Here, Rocket Lab has requested judicial notice and furnished the Court with the necessary information. Therefore, the Court should take judicial notice of Exhibits 1-16.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider, in ruling on Defendants' Motion, the Exhibits attached to the Faigen Declaration, filed herewith.

DATED:  8/27/2025                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


/s/ *Peter B. Morrison*
PETER B. MORRISON
*Counsel for Defendants Rocket Lab USA, Inc.,
Peter Beck, and Adam Spice*