Robert V. Prongay (SBN 270796)
 *rprongay@glancylaw.com*
Leanne H. Solish (SBN 280297)
 *lsolish@glancylaw.com*
Charles H. Linehan (SBN 307439)
 *clinehan@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: info@glancylaw.com

*Counsel for Plaintiffs and Lead Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS BRAY, Individually and On Behal of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET LAB USA, INC., PETER BECK, and ADAM SPICE,<br><br>Defendants. | Case No.  2:25-cv-01733-GW-KES<br><br>**PLAINTIFFS' RESPONSE AND OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Judge:　　　Hon. George H. Wu<br>Date:　　　November 10, 2025<br>Time:　　　8:30 a.m.<br>Location:　　Courtroom 9 |

Lead Plaintiff Willie Croskrey and Plaintiff Douglas Bray ("Plaintiffs") respectfully objects to Defendants'[1] Request for Incorporation By Reference and Judicial Notice in Support of Defendants' Motion to Dismiss Amended Class Action Complaint (Dkt. 69) ("RJN") to the extent set forth below.

## I.   INTRODUCTION

Defendants assert that sixteen documents attached to the Faigen Declaration (Dkt. 68)[2] are subject to judicial notice under Federal Rule of Evidence 201 ("Rule 201") and that certain of the documents may also be considered on their motion to dismiss (the "Motion") pursuant to the "incorporation by reference" doctrine.  (RJN 4.)  Plaintiffs do not object to the Court utilizing Defendants' Exhibits 1- 8, 11, 13-15, to the extent that it requests the Court to notice that the referenced documents made the referenced statements on the referenced dates. The Court may not, however, "consider these documents for the truth of the matters asserted therein." *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010). Plaintiffs do object to the Court considering Exhibits 9, 10, 12 and 16 under either doctrine.

## II.   ARGUMENT

Generally, a court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). The doctrine of incorporation by reference and judicial notice are limited exceptions to this rule, which allow for consideration of documents outside the complaint under specific circumstances and for specific purposes. *Id.*

---

[1] Defendants are Rocket Lab USA, Inc. ("Rocket Lab" or the "Company"), CEO Peter Beck, and CFO Adam Spice.

[2] Defendants' RJN is cited as "RJN __," citations to the exhibits attached to the Faigen Declaration (Dkt. 68) are "Ex. __," and citations to the brief accompanying Defendants Motion to Dismiss (Dkt. 67, the "Motion") Amended Complaint (Dkt. 66, the "AC") are "Mot.__."

The Ninth Circuit has cautioned against a "concerning pattern in securities cases" in which defendants "exploit[]" the procedures of incorporation by reference and judicial notice "improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id*. Courts must "err[] on the side of caution" and strictly construe the requirements of incorporation by reference and judicial notice against securities fraud defendants attempting to introduce collateral evidence on a motion to dismiss. *Smith v. NetApp, Inc.*, 2021 WL 1233354, at *3 n.1 (N.D. Cal. Feb. 1, 2021).

With respect to the judicial notice under FRE 201, the Ninth Circuit made it clear that:

> Courts may only take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Facts are indisputable … only if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."

*U.S. v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003). The Ninth Circuit has held that a district court may take judicial notice of "undisputed matters of public record," but not "disputed facts stated in public records." *Lee*, 250 F.3d at 689-90. It is an abuse of discretion and reversible error to take judicial notice of the "truth" of the contents of such documents where the matters are in dispute. *Id.* at 688; *Khoja*, 899 F.3d. at 1000; *see also Bare Escentuals*, 745 F. Supp. 2d at 1067 (a court may not take judicial notice of "documents [provided] for the truth of the [facts] asserted therein."). The PSLRA is consistent with this limitation, allowing consideration of statements referenced in a complaint only where the statements offered are "not subject to material dispute." 15 U.S.C. §78u-5(e).

With respect to incorporation by reference, the Ninth Circuit cautioned that the document in question must be "extensively" referred to in the complaint; a mere mention is not sufficient. *Khoja*, 899 F.3d at 1002. Further, if the document merely forms a defense to well-pleaded allegations, then it did not necessarily form the basis

of the complaint. *Id.* "[I]nferences a court may draw from an incorporated document should [] be approached with caution." *Id.* at 1003. Finally, a court may assume the truth of the contents of an incorporated document, unless the "assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.*

**A.    Exhibits 9 & 12, Conference Presentations, Are Not Referred To In The AC And Are Not Subject To Incorporation By Reference Or Judicial Notice**

Exhibits 9 and 12 are two presentations which Defendants assert were "associated" with Spice's appearances at the 27th Annual Needham Growth Conference on January 14, 2025, and TD Cowen's 46th Annual Aerospace & Defense Conference on February 12, 2025, respectively. RJN 1, 2. In their Motion. Defendants assert that these presentations contain cautionary language, immunizing Defendants' statements at the conferences concerning Rocket Lab's timeline for a mid-2025 Neutron launch. Mot. at 8. Notably, Defendants do not assert that the presentations were disseminated publicly at the conferences or at any other relevant time. They merely assert that the presentations are currently available to the public. RJN 1, 2.

First, neither document is referred to in the AC, and do not "form the basis of Plaintiffs' claims." RJN 6-7. The AC referred only to the transcript of Defendants' spoken words during these two conferences, not the accompanying visual presentations. As such, the documents are not subject to the "incorporation by reference doctrine." *Contra* RJN 6-7; *Khoja*, 899 F.3d at 1002 (it is a "rare instance" where a document not referred to in the complaint may be incorporated by reference"). Although Defendants attempt to group the presentations together with the AC's references to Defendants' statements during the conference (RJN 6-7), the AC itself does not refer to the presentations. Where a document "merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja*, 899 F.3d at 1002.

PLAINTIFFS' RESPONSE AND OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

3

Second, Defendants ask the Court to take judicial notice of the investor presentations "solely to demonstrate what information Defendants publicly disclosed to the market." RJN 9. But Exhibits 9 and 12 do not establish that the presentations were provided to the investing public concurrently with the January 14 and February 12 conferences. Moreover, the transcript for the January 14, 2025 conference discloses that Spice "skip[ed] through" portions of the presentation, (Ex. 8 at 2), and the transcript for the February 12, 2025 conference shows that Spice had trouble displaying the presentation. Ex. 11 at 1, 2 (trouble with displaying slides and using "clicker"). Nor is there any indication that Exhibits 9 and 12 were handed out to conference participants, or that conference participants were directed to review the presentation online. *See generally* Exs. 8, 11. The investor presentations were not publicly filed with the SEC. And lastly, Defendants have provided no indication that these presentations were publicly available at the time of the conference. On the contrary, a snapshot of Rocket Lab's Events & Presentations page[3] was taken on July 7, 2025 by the Wayback Machine.[4] *See* Solish. Decl. Ex. A. This snapshot shows that the February 12 presentation (Ex. 12) was ***not*** publicly available as late as July 7, 2025. *Id.*

Because there is no evidence from which the Court can conclude that Exhibits 9 and 12 were publicly disclosed to the market (RJN 9) at the time of the concurrent conferences, the two presentations cannot be judicially noticed.

### B.    The Authenticity Of Exhibit 10, A Purported Transcript Of The January 21, 2025 Podcast, Is Subject To A Reasonable Dispute

Exhibit 10 is a purported transcript of Beck's January 21, 2025 podcast interview with Leading Indicator, along with a covering "Episode Description." Ex.

---

[3] https://investors.rocketlabcorp.com/events-presentations/events.

[4] "The Wayback Machine is an online digital archive of web pages. It is run by the Internet Archive, a nonprofit library in San Francisco, California." *Gjovik v. Apple Inc.*, 2025 WL 637931, at *8 (N.D. Cal. Feb. 27, 2025).

10. The Episode Description is presumably from a Spotify page (*id.* at 1), while the remainder of the transcript is credited to a YouTube page (*see id.* at 2).

Defendants ask the Court to both incorporate by reference and judicially notice Exhibit 10. RJN at 4-7, 9. In order for a documented to be incorporated by reference, there must be no "questions [as to] the authenticity of the copy attached to the 12(b)(6) motion." *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281 (C.D. Cal. 2016) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). Likewise, a prerequisite to judicial notice is that "no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir. 2006); *see also* Fed. R. Evid. 201(b). Plaintiffs question the authenticity of Exhibit 10.

First, Defendants present only hallow and boilerplate authentication of Exhibit 10 in the Faigen Declaration and the RJN. Neither specifies where the document came from, or how it is known that Exhibit 10 is a "true and correct copy of a publicly available transcript: of the January 21, 2025 podcast." RJN 1, 2; Faigen. Decl. at 2. As such, the accuracy of the document cannot be confirmed. Second, as explained above, Exhibit 10 appears to be an amalgamation of multiple sources, and a review of the actual YouTube link provided on page 2 of Exhibit 10 does not appear to have any sort of transcript, despite a transcript presumably being attributed to that link.

**C.    The Court Should Not Take Judicial Notice of Exhibit 16, a U.S. Space Force Press Release**

Although a court may take judicial notice of a press release as a matter of public record, the Court should not take judicial notice of "disputed facts contained in such public records." *Khoja*, 899 F.3d at 999. "Although courts may take judicial notice of legally required public disclosure documents filed with the SEC, they may not take judicial notice of the documents for the truth of the matters asserted in them, but rather to establish that the matters had been publicly asserted." *Sec. & Exch. Comm'n v. Fiore*, 416 F. Supp. 3d 306, 328-29 (S.D.N.Y. 2019). Outside these categories, it is inappropriate to consider information or documents extrinsic to the complaint. *Glob.*

*Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 152 (2d Cir. 2006) (vacating dismissal where district court "erred by considering matters outside the pleadings"). It is black letter law that even if a document is properly subject to judicial notice, it may *not* be considered "for the truth of the matters asserted" within the document. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

Exhibit 16 is a press release issued by the U.S. Space Force. Defendants do not refer to Exhibit 16 in their Motion, and it is unclear what they want the Court to judicially notice in the document. As such, to the extent Defendants ask the Court to take judicial notice of facts disputing the allegations of AC, that request should be rejected. *In re Lucid Grp., Inc. Sec. Litig.*, 2025 WL 1474494, at *2 (N.D. Cal. May 22, 2025) (a court may take judicial notice of press releases "for the limited purpose of noting the representations Defendants made to the market and only to the extent Defendants have specifically identified such representations within those documents.").

It appears that Defendants wish the Court to take judicial notice of Exhibit 16's statement that "[o]nce Rocket Lab and [] complete their first successful launch, they will be eligible to compete for launch service task orders on Lane 1," to rebut the AC's allegation that Rocket Lab had to launch in 2025 to meet Space Force's "next on ramp for the NSSL program." AC at ¶¶53, 76. To the extent these facts are in dispute, they are not proper for judicial notice. *Brown v. Metro by T-Mobile*, 768 F. Supp. 3d 1068, 1087 n.9 (C.D. Cal. 2024); *Morris v. Wells Fargo & Co.*, 2024 WL 5173312, at *3 (N.D. Cal. Dec. 18, 2024).

## III.   CONCLUSION

For the reasons set forth herein, Defendants' Request for Incorporation by Reference and Judicial Notice of Exhibits 9, 10, 12, and 16 should be denied.

Dated: October 1, 2025

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**


By:  *s/ Leanne H. Solish*
Robert V. Prongay
Leanne H. Solish
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: info@glancylaw.com

*Counsel for Plaintiffs and Lead Counsel*

# <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiffs Willie Croskrey and Douglas Bray, certifies that this brief contains 2020 words, which complies with the word limit of L.R. 11-6.1.

<u>*s/ Leanne H. Solish*</u>
Leanne H. Solish

## **PROOF OF SERVICE**

I hereby certify that on this 1st day of October, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Leanne H. Solish*
Leanne H. Solish