PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
ZACHARY FAIGEN (SBN 294716)
zack.faigen@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:  (213) 687-5000

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DOUGLAS BRAY, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>    v.<br><br>ROCKET LAB USA, INC., PETER BECK, and ADAM SPICE,<br><br>                              Defendants. | No. 2:25-cv-01733-GW-KES<br><br>REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT<br><br>Judge:       Hon. George H. Wu<br>Courtroom: 9D<br>Date:         November 10, 2025<br>Time:        8:30 a.m. |

**INTRODUCTION**[1]

Plaintiffs agree that the Court may consider Exhibits 1-8, 11 and 13-15 attached to the Faigen Declaration in deciding Defendants' Motion to Dismiss. (ECF 73 ("RJN Opp.") at 1.) Plaintiffs object, however, to the Court considering Exhibits 9, 10, 12 and 16. (*Id.*) Plaintiffs' objections are misguided.

**I.    Exhibits 9 and 12 Are Incorporated by Reference and Subject to Judicial Notice**

Exhibits 9 and 12 are PowerPoint slide decks from Rocket Lab's investor presentations at the January 14, 2025 Needham Growth Conference and February 12, 2025 TD Cowen Conference, respectively, where Plaintiffs allege Defendants made false or misleading statements. (AC ¶¶30, 60-61, 63-67, 76.) Courts in securities actions routinely consider slide decks from investor presentations under the incorporation-by-reference and judicial notice doctrines to show the full scope of what was presented to the audience. *See Uniformed Sanitationmen's Ass'n Comp. Accrual Fund v. Equinix, Inc.*, 2025 WL 39936, at *1 (N.D. Cal. Jan. 6, 2025) (taking judicial notice of investor presentation slides "for the purpose of determining the information that was available to the market" over plaintiff's objection that "they are not referenced in the complaint"); *Bolling v. Dendreon Corp.*, 2014 WL 2533323, at *8 (W.D. Wash. June 5, 2014) (finding it "appropriate for the court to consider [presentation slides] under the incorporation by reference doctrine because the complaint is premised on them and [p]laintiffs have not attached them"); *In re Intel Corp. Sec. Litig.*, 2025 WL 1914884, at *5 (N.D. Cal. Mar. 4, 2025) (considering earnings call slide deck); *Shenwick v. Twitter, Inc.*, 282 F.Supp.3d 1115, 1122-23 (N.D. Cal. 2017) (considering "PowerPoint slides presented…at [an] investor conference"); *In re Century Aluminum Co. Sec. Litig.*, 749 F.Supp.2d 964, 979-80 (N.D. Cal. 2010) (considering "PowerPoint presentations to analysts").

---

[1] Capitalized terms not defined herein have the same meaning as in Defendants' Request for Incorporation by Reference and Judicial Notice in Support of Defendants' Motion to Dismiss Amended Class Action Complaint (ECF 69 ("RJN")). All emphases are added and all internal citations and alterations are omitted from quoted material unless stated.

Plaintiffs ask the Court to deviate from this ordinary practice and ignore Rocket Lab's investor presentation slide decks. Plaintiffs' arguments lack merit.

*First*, Plaintiffs argue that the slide decks are not incorporated by reference because the AC "referred only to the transcript of Defendants' spoken words during these two conferences, not the accompanying visual presentations." (RJN Opp. at 3.) That is exactly the artful pleading tactic the incorporation-by-reference doctrine prevents. It stops "plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds* (recognizing "policy concern underlying the [incorporation-by-reference] rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based").

Plaintiffs cannot circumvent this rule by artificially separating the presentation into the transcript of what was said orally and the accompanying slide presentation reflecting what was displayed visually. The Ninth Circuit has long recognized this key principle of the incorporation-by-reference doctrine. For example, in *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005), plaintiff Evel Knievel alleged ESPN defamed him and his wife by posting a picture of them and another woman with an arguably suggestive caption. *Id.* at 1070. The complaint referenced only the photo and caption. *Id.* at 1076. ESPN submitted the surrounding photos and captions to show that a reasonable person would not view the caption as defamatory. *Id.* The Ninth Circuit affirmed the trial court's consideration of the surrounding photos and captions under the incorporation-by-reference doctrine because a defamation claim requires showing that the statement is defamatory in context. *Id.* at 1073-74. The same is true here. Plaintiffs allege that certain oral statements at the investor conferences were false or misleading, but the cautionary language regarding forward-looking statements that was presented in the slide deck could render any such statements inactionable. Thus, under Ninth Circuit precedent, the Court should properly consider both

the transcript and the slide deck. *See also Sigman v. Nuscale Power Corp.*, 2025 WL 1455432, at \*6 (D. Or. May 21, 2025) (incorporating by reference "transcripts" and associated "slide presentations" where allegedly false statements were made as part of the oral remarks).

*Second*, Plaintiffs argue that the slide decks are not subject to judicial notice because "Exhibits 9 and 12 do not establish that the presentations were provided to the investing public concurrently with the January 14 and February 12 conferences." (RJN Opp. at 4.) It is not clear what Plaintiffs are arguing. To the extent Plaintiffs are arguing that Rocket Lab created investor presentations for each of these two conferences, but then suddenly decided not to present them at the conferences, that is not a credible position. Contrary to Plaintiffs' unsupported theory, the transcripts from the presentations—which Plaintiffs concede the Court can consider (*id.* at 1)—make clear that the slide decks were shown. (*See, e.g.*, Ex. 8 at 1 (Spice stating: "Is there a clicker? Perfect, thank you."); *id.* at 5 ("So we're very excited about Neutron. It's a huge enabler on a few fronts, and *we'll talk about that a little bit more in the following slides*."); Ex. 11 at 1 (conference host asking, "And I think maybe you have a presentation" and Spice responding, "I do, yes.").)

To the extent Plaintiffs rely on a screen shot from the "Wayback Machine" to suggest that, on July 7, 2025, the February 12 investor presentation was not available on Rocket Lab's website, that does not help Plaintiffs. The relevant question is whether the presentations were shown at the conferences, and Plaintiffs do not, and cannot, credibly dispute that they were. Moreover, Plaintiffs concede that both presentations are publicly available on Rocket Lab's website now. Finally, even if it were relevant whether the presentations were available on Rocket Lab's website on a random date in July (it is not), Plaintiffs concede that the January 14 presentation was available that day. Thus, Plaintiffs' citation to the "Wayback Machine" does not even purport to provide a basis for the Court not to consider that presentation.

Accordingly, the Court should consider Exhibits 9 and 12 under both the incorporation-by-reference and judicial notice doctrines.

## II.      Exhibit 10 Is Incorporated by Reference and Subject to Judicial Notice

Exhibit 10 contains the landing page and transcript for the podcast episode that Plaintiffs quote in the AC. (Ex. 10; AC ¶62.) In opposing Defendants' RJN, Plaintiffs "question the authenticity of Exhibit 10" because it is unclear "where the document came from." (*See* RJN Opp. at 5.)

The only page of Exhibit 10 on which Defendants rely in their Motion is the first page of the Exhibit, which is the Spotify landing page for the podcast. Plaintiffs affirmatively plead the URL for that landing page in the AC at Paragraph 62, n.5 (https://open.spotify.com/episode/3lXZgJ3mMh0Y0DCN4L1kU7), and that landing page contains the cautionary language discussed in the Motion. Because Plaintiffs do not, and cannot, contest the authenticity of the landing page of the very website that they affirmatively cite in the AC, the Court can, and should, consider the landing page. *See, e.g.*, *In re Intel Corp. Sec. Litig.*, 2025 WL 2092044, at *4 (N.D. Cal. July 23, 2025) (taking judicial notice of "material on public websites"); *Bhangal v. Hawaiian Elec. Indus., Inc.*, 2024 WL 4505465, at *6 (N.D. Cal. Oct. 15, 2024) (incorporating by reference "screenshots and transcripts of YouTube videos"); *Freund v. HP, Inc.*, 2023 WL 5184140, at *3 n.1 (N.D. Cal. Aug. 10, 2023) ("Where, as here, a plaintiff has used information from a webpage to support his complaint, incorporation by reference is a proper vehicle to consider printouts of the webpage on a motion to dismiss.").

The remainder of Exhibit 10 is a transcript of the podcast episode. The transcript can be found at the YouTube URL Plaintiffs affirmatively plead in the AC at Paragraph 62, n.5 (https://www.youtube.com/watch?v=mvhF8tZitug).[2] Plaintiffs state in their RJN Opposition that this YouTube link "does not appear to have any sort of transcript." (RJN Opp. at 5.) It does. Below the YouTube video is the episode description. Expanding that episode description box reveals various options, including one to "Show transcript." Clicking on that

---

[2] The YouTube page also contains the same cautionary language as the Spotify landing page.

4

button auto-generates a transcript of the podcast. The remainder of Exhibit 10 reflects that computer-generated transcript, although cleaned up to identify speakers and fix punctuation and typographical errors caused by the computer generation. However, Defendants do not rely on the transcript, as opposed to the landing page, and therefore the Court need not take judicial notice of the transcript—as opposed to the landing page—for purposes of the Motion.

The reason why Defendants submitted the transcript with the landing page as a single exhibit, rather than separate exhibits, is because both pages concern the same podcast, and Plaintiffs cite both links together in the same footnote in the AC. In other words, anyone can review the same podcast on which Plaintiffs rely through either link.

## III.    Exhibit 16 Is Subject to Judicial Notice

Exhibit 16 is a March 27, 2025 press release from the United States Space Force in which the United States federal government announced the on-ramping of Rocket Lab to the National Security Space Launch (NSSL) Lane 1 program. Under Plaintiffs' pleading and documents properly before the Court, Exhibit 16 shows that the federal government determined in March 2025 that Rocket Lab had a credible path to launch Neutron by the end of 2025. (*See* AC ¶52 (discussing NSSL opportunity); Ex. 14 at 20 ("the criteria [to on-ramp] is a credible path to launch by the end of the year").)

The government's determination that Rocket Lab had a credible path to launch Neutron by the end of 2025 provides additional support that the Bleecker Report was wrong, because the Bleecker Report asserted that Neutron would not launch until 2026 or 2027, and therefore, Rocket Lab "won't be able to onboard for a year or more to its most lucrative single source of potential contracts, National Security Space Launch's (NSSL's) Phase 3 Lane 1 program." (Ex. 13 at 1.)

Defendants sought judicial notice of Exhibit 16 anticipating that Plaintiffs would try to defend the veracity and accuracy of the Bleecker Report. Defendants submitted Exhibit 16 to avoid an argument that Defendants could not submit a request for judicial notice with a reply brief. But Plaintiffs' merits opposition does not defend the Bleecker Report's claim

that Rocket Lab could not launch Neutron until 2026 or 2027. Because Plaintiffs do not defend the veracity of the Bleecker Report, Plaintiffs cannot establish loss causation, which requires that the revelation of the "truth" caused the stock price to drop, not that an admittedly incorrect short-seller report cause the stock price to drop. *See In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 789 (9th Cir. 2020). However, given that Plaintiffs did not try to defend the Bleecker Report as Defendants anticipated, the Court can take judicial notice of Exhibit 16, but it ultimately need not consider it in connection with the Motion to Dismiss.

## IV.   <u>CONCLUSION</u>

While Plaintiffs agree that the Court can consider Exhibit 1-8, 11 and 13-15 attached to the Faigen Declaration, for the reasons stated herein and in the RJN, the Court should grant the Request for Incorporation By Reference and Judicial Notice in its entirety.

DATED:  10/24/2025          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Peter B. Morrison*
PETER B. MORRISON
*Counsel for Defendants Rocket Lab USA, Inc.,*
*Peter Beck, and Adam Spice*