PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
ZACHARY FAIGEN (SBN 294716)
zack.faigen@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:  (213) 687-5000

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DOUGLAS BRAY, Individually and on Behalf of All Others Similarly Situated,<br><br>                 Plaintiff,<br><br>   v.<br><br>ROCKET LAB USA, INC., PETER BECK, and ADAM SPICE,<br><br>                 Defendants. | No. 2:25-cv-01733-GW-KES<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE<br><br>Judge:      Hon. George H. Wu<br>Courtroom: 9D<br>Date:       November 10, 2025<br>Time:       8:30 a.m. |

## I.     <u>ARGUMENT</u>

Defendants submit this brief opposition because it is improper for Plaintiffs to introduce new facts in connection with their motion to dismiss opposition brief (ECF 70) that they failed to plead in their Amended Complaint (ECF 66 ("AC")). "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original). Courts deny requests for judicial notice by plaintiffs who use that doctrine to attempt to amend their complaints. *See, e.g.*, *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *17 (C.D. Cal. July 16, 2015) (plaintiffs improperly "attempt to amend their complaint through judicial notice"); *In re Turbodyne Techs., Inc. Sec. Litig.*, 2000 WL 33961193, at *10 (C.D. Cal. Mar. 15, 2000) (denying plaintiffs' request for judicial notice); *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F.Supp.3d 1328, 1350 (C.D. Cal. 2014) ("Plaintiffs cannot utilize the documents to amend the complaint and defeat defendants' motions to dismiss."). Accordingly, Plaintiffs' attempt to introduce Exhibit A and Exhibit B to plead new facts should be denied. (*See* ECF 70 at 10, 19.) Ultimately, nothing in Plaintiffs' Exhibits A or B addresses, much less rectifies, Plaintiffs failure to plead (i) a false or misleading statement, (ii) scienter, or (iii) loss causation. Therefore, whether the Court takes judicial notice of Plaintiffs' exhibits should not affect the outcome of Defendants' Motion to Dismiss (ECF 67).

## II.     <u>CONCLUSION</u>

For these reasons, the Court should deny Plaintiffs' Request for Judicial Notice.

DATED:  10/24/2025        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


*/s/ Peter B. Morrison*
PETER B. MORRISON
*Counsel for Defendants Rocket Lab USA, Inc.,
Peter Beck, and Adam Spice*

1