PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
ZACHARY FAIGEN (SBN 294716)
zack.faigen@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:  (213) 687-5000

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DOUGLAS BRAY, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> v.<br><br>ROCKET LAB USA, INC., PETER BECK, and ADAM SPICE,<br><br>     Defendants. | No. 2:25-cv-01733-GW-KES<br><br>1) REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT; and<br><br>2) [PROPOSED] ORDER.<br><br>Judge:  Hon. George H. Wu<br>Courtroom: 9D<br>Date:   March 23, 2026<br>Time:   8:30 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants Rocket Lab USA, Inc. ("Rocket Lab"), Peter Beck and Adam Spice (Beck and Spice together, the "Individual Defendants," and, with Rocket Lab, "Defendants") respectfully request that the Court consider, in connection with Defendants' Motion To Dismiss Second Amended Class Action Complaint ("Motion"), Exhibits 1 through 15 attached to the Declaration of Zachary Faigen ("Faigen Declaration"):

**Exhibit 1**: A true and correct copy of a publicly available transcript of Rocket Lab's fourth quarter 2022 earnings call on February 28, 2023.

**Exhibit 2**: A true and correct copy of a publicly available transcript of Rocket Lab's fourth quarter 2023 earnings call on February 27, 2024.

**Exhibit 3**: A true and correct copy of excerpts of Rocket Lab's 2023 Form 10-K, filed with the SEC on February 28, 2024.

**Exhibit 4**: A true and correct copy of publicly available meeting minutes for the November 20, 2024 meeting of the Accomack County Board of Supervisors.

**Exhibit 5**: Two true and correct copies of a publicly available transcript of a *Cheddar* podcast interview titled "How Rocket Lab CEO Sir Peter Beck Launched A $12B Rocket Company," dated December 16, 2024. **Exhibit 5A** is a true and correct copy of the unedited auto-generated transcript, and **Exhibit 5B** is a "cleaned-up" version of the same transcript.[1]

**Exhibit 6**: A true and correct copy of a publicly available January 9, 2025 press release issued by Rocket Lab, titled "Rocket Lab Selected by NASA to Provide Neutron Launch Services Under VADR Launch Contract."

---

[1] As further explained in the Faigen Declaration, Exhibits 5A, 9A, 11A, and 12A, are true and correct copies of the unedited transcript that auto-generates at the respective URLs provided by Plaintiffs in the SAC. Because those auto-generated transcripts do not state who is speaking and contain numerous typographical errors, Exhibits 5B, 9B, 11B, and 12B are "cleaned-up" versions provided solely in order to make the transcripts more readable for the Court.

**Exhibit 7**: A true and correct copy of a publicly available transcript of Rocket Lab's Investor Presentation at the 27th Annual Needham Growth Conference on January 14, 2025.

**Exhibit 8**: A true and correct copy of a publicly available slide deck from Rocket Lab's Investor Presentation at the 27th Annual Needham Growth Conference on January 14, 2025.

**Exhibit 9**: Two true and correct copies of a publicly available transcript of a *Holiday Breakfast* podcast interview titled "Sir Peter Beck: Rocket Lab founder on the strength of the company, his career history," dated January 16, 2025. **Exhibit 9A** is a true and correct copy of the unedited auto-generated transcript, and **Exhibit 9B** is a "cleaned-up" version of the same transcript.

**Exhibit 10**: A true and correct copy of a publicly available Spotify webpage containing the official description of a January 21, 2025 episode of the *Leading Indicator* podcast, titled "Rocket Lab CEO on New Spacecraft, Trump Presidency, and Mission to Venus."

**Exhibit 11**: Two true and correct copies of a publicly available transcript of a *SpaceNews* podcast interview titled "Space Minds with Peter Beck," dated January 23, 2025. **Exhibit 11A** is a true and correct copy of the unedited auto-generated transcript, and **Exhibit 11B** is a "cleaned-up" version of the same transcript.

**Exhibit 12**: Two true and correct copies of a publicly available transcript of a *Dom Harvey* podcast interview titled "Sir Peter Beck Opens Up on Childhood, Inspiration for Rocket Lab, Elon Musk & Jeff Bezos Competition," dated February 1, 2025. **Exhibit 12A** is a true and correct copy of the unedited auto-generated transcript, and **Exhibit 12B** is a "cleaned-up" version of the same transcript.

**Exhibit 13**: A true and correct copy of a publicly available February 25, 2025 anonymous short-seller report published by Bleecker Street Research, titled "Rocket Lab (RKLB): We Think It's Gonna Be a Long, Long Time."

**Exhibit 14**: A true and correct copy of a publicly available joint permit application for the "Sloop Gut Dredging Project," filed by the Virginia Port Authority and Rocket Lab USA on March 11, 2025.

**Exhibit 15**: A true and correct copy of historical stock price data for Rocket Lab's common stock (ticker: RKLB), from January 8, 2025, the day before the first day of the alleged class period, through January 16, 2026. The stock price data was retrieved from the Yahoo! Finance website.

Each of these Exhibits may be properly considered by the Court in connection with Defendants' Motion because each Exhibit is incorporated by reference in the Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("SAC"), subject to judicial notice under Federal Rule of Evidence 201, or both.

DATED: 1/19/2026          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                    /s/ *Peter B. Morrison*
                          PETER B. MORRISON
                          *Counsel for Defendants Rocket Lab USA, Inc.,*
                          *Peter Beck and Adam Spice*

3

## I.  INTRODUCTION

In assessing securities fraud claims, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).[2] "Although often conflated, the doctrine of incorporation by reference is distinct from judicial notice." *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (stating "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201" both "permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways").

Here, Defendants respectfully request that the Court consider Exhibits 1-15 attached to the Faigen Declaration because each Exhibit is incorporated by reference in the SAC, subject to judicial notice, or both.

## II.  THE COURT SHOULD CONSIDER EXHIBITS 4-14 BECAUSE THEY ARE INCORPORATED BY REFERENCE IN THE SAC

In ruling on a motion to dismiss, the "incorporation by reference doctrine . . . permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (same); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based, a court may consider a writing referenced in a complaint but not explicitly incorporated therein if

---

[2] All emphases are added and internal citations, quotation marks and alterations are omitted from quoted material, unless otherwise stated.

4

the complaint relies on the document and its authenticity is unquestioned").

"[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs." *Khoja*, 899 F.3d at 1003. It "treats certain documents as though they are part of the complaint itself," and, in doing so, "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002.

A court may consider a document incorporated by reference when a plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* In a federal securities case, if a document "contains [one of the] alleged misrepresentation[s]," the document necessarily "forms the basis of" the claim, and can be considered incorporated by reference into the complaint. *Id.* at 1005. Similarly, a document that allegedly "proves scienter" forms the basis of the claim, and is "properly incorporated by reference." *Pirani v. Netflix, Inc.*, 710 F. Supp. 3d 756, 766 (N.D. Cal. 2024).

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (where "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim . . . the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)").

Here, Plaintiffs quote, reference and rely on Exhibits 4-14 in the following paragraphs of the SAC:

| Exhibit Description | Paragraphs of the SAC |
|---|---|
| **Ex. 4**: November 20, 2024 minutes from the Accomack County Board of Supervisors meeting | ¶¶ 9, 44, 62, 84 |

| Exhibit Description | Paragraphs of the SAC |
|---|---|
| **Ex. 5**: December 16, 2024 transcript of a *Cheddar* podcast interview titled "How Rocket Lab CEO Sir Peter Beck Launched A $12B Rocket Company" | ¶ 86 & n.14 |
| **Ex. 6**: January 9, 2025 press release issued by Rocket Lab, titled "Rocket Lab Selected by NASA to Provide Neutron Launch Services Under VADR Launch Contract" | ¶¶ 78, 82 |
| **Exs. 7 & 8**: January 14, 2025 transcript and slide deck from Rocket Lab's Investor Presentation at the 27th Annual Needham Growth Conference | ¶¶ 38, 79-80, 88 |
| **Ex. 9**: January 16, 2025 transcript of a *Holiday Breakfast* podcast interview titled "Sir Peter Beck: Rocket Lab founder on the strength of the company, his career history" | ¶ 87 & nn.17-18 |
| **Ex. 10**: January 21, 2025 landing page from the *Leading Indicator* podcast episode, titled "Rocket Lab CEO on New Spacecraft, Trump Presidency, and Mission to Venus" | ¶¶ 81 & n.13, 82 |
| **Ex. 11**: January 23, 2025 transcript of a *SpaceNews* podcast interview titled "Space Minds with Peter Beck" | ¶ 86 & n.15 |
| **Ex. 12**: February 1, 2025 transcript of a *Dom Harvey* podcast interview titled "Sir Peter Beck Opens Up on Childhood, Inspiration for Rocket Lab, Elon Musk & Jeff Bezos Competition" | ¶¶ 38 & n.3, 86 & n.16, 87 & n.19 |
| **Ex. 13**: February 25, 2025 short-seller report published by Bleecker Street Research, titled "Rocket Lab (RKLB): We Think It's Gonna Be a Long, Long Time." | ¶¶ 4-5, 40-45, 99, 101 |
| **Ex. 14**: March 11, 2025 joint permit application for the "Sloop Gut Dredging Project," filed by the Virginia Port Authority and Rocket Lab USA | ¶¶ 11, 72, 85 |

The Court should consider Exhibits 4-14 under the incorporation by reference doctrine for two reasons. *First*, as the chart above makes clear, Plaintiffs reference or rely upon Exhibits 4-14 throughout the SAC, which provides a sufficient basis for incorporation by reference. *Khoja*, 899 F.3d at 1002; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where . . . the contents of the document are alleged in a complaint . . . ."); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (incorporating by reference document "cited in two paragraphs of" complaint and another document that was "quoted or referenced in

three paragraphs" of complaint). In securities cases specifically, courts routinely consider documents such as "SEC filings, transcripts from analyst and investor calls, and press releases" under the incorporation-by-reference doctrine when those documents are referenced in the complaint. *See, e.g.*, *Cheng Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017) (Wu, J.).

*Second*, Exhibits 4-14 form the basis of Plaintiffs' claims, which is a separate and independent basis for the Court to consider these documents under the incorporation-by-reference doctrine. *See Khoja*, 899 F.3d at 1002, 1005; *Coto Settlement*, 593 F.3d at 1038.

Plaintiffs allege that each of Exhibits 4-12 and 14 either contains a purportedly false or misleading statement, or establishes scienter. (*See* SAC ¶¶ 62, 72, 78-82, 85-88.) Accordingly, these exhibits "form[] the basis" of Plaintiffs' claim, and the Court can consider them in connection with the Motion. *See Khoja*, 899 F.3d at 1004 (holding that document containing alleged misstatement was necessarily "part of [defendant's alleged] scheme to inflate its stock values" and therefore "formed the basis of the scheme" and was properly incorporated by reference); *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *5 (N.D. Cal. Nov. 27, 2018) (incorporating by reference earnings call transcripts where "Plaintiffs rely extensively on these transcripts in their complaint to allege that Defendants made fraudulent statements"); *In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (incorporating by reference exhibits where "plaintiffs refer to all the motion to dismiss exhibits . . . as the ground for [defendant's] false statements and scienter").

Exhibit 13 also forms the basis of Plaintiffs' claims because they allege that the short-seller report reflected in Exhibit 13 constitutes the corrective disclosure for purposes of loss causation. (*See* SAC ¶¶ 99-101.) Courts routinely incorporate by reference documents that are alleged to contain the corrective disclosure in a securities case. *See, e.g.*, *Khoja*, 899 F.3d at 1005; *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *4 (N.D. Cal. July 21, 2020) (incorporating by reference documents cited as corrective disclosures); *In re WageWorks, Inc. Sec. Litig.*, 2020 WL 2896547, at *4 (N.D. Cal. June 1, 2020)

(same); *Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *4 (N.D. Cal. Jan. 27, 2020) (same); *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 592-93 (N.D. Cal. 2019) (same).

Plaintiffs may argue that the SAC does not specifically reference Exhibit 8, but this slide deck is from Rocket Lab's Investor Presentation at the 27th Annual Needham Growth Conference, during which Defendants made two of the challenged statements. (*See* SAC ¶¶ 79-80.) Defendants' remarks during this presentation are indivisible from the slide deck that was presented concurrently, and courts in securities actions regularly consider slide decks from investor presentations under the incorporation-by-reference doctrine to show the full scope of what was presented to the audience. *See, e.g.*, *Ryan v. FIGS, Inc.*, 2024 WL 187001, at *5 (C.D. Cal. Jan. 17, 2024) (incorporating by reference investor "presentation slides" alongside accompanying transcript); *In re Intel Corp. Sec. Litig.*, 2025 WL 1914884, at *5 (N.D. Cal. Mar. 4, 2025) (incorporating by reference investor presentation slide decks alongside accompanying transcripts); *In re Nektar Therapeutics*, 2020 WL 3962004, at *7 (N.D. Cal. July 13, 2020) (incorporating by reference "investor presentation transcripts and investor presentation slide decks"); *Bolling v. Dendreon Corp.*, 2014 WL 2533323, at *8 (W.D. Wash. June 5, 2014) (finding it "appropriate for the court to consider [presentation slides] under the incorporation by reference doctrine because the complaint is premised on them and [p]laintiffs have not attached them").

Accordingly, the Court should consider Exhibits 4-14 attached to the Faigen Declaration under the incorporation-by-reference doctrine.

## III.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1-15

Under Federal Rule of Evidence 201, a fact is subject to judicial notice if it is one not subject to reasonable dispute, meaning that fact is either (1) "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[F]acts subject to judicial notice may be considered on a motion to dismiss," *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and a court may "consider items

8

of which it can take judicial notice without converting the motion to dismiss to one for summary judgment," *Belodoff v. Netlist, Inc.*, 2008 WL 2356699, at \*3 (C.D. Cal. May 30, 2008). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Here, the Court can take judicial notice of Exhibits 1-15 because they are all public records, the contents of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b); *see also Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010). The Exhibits attached to the Faigen Declaration are (i) publicly available transcripts and presentations from earnings calls, podcast interviews, and an investor presentation; (ii) an SEC filing; (iii) public meeting minutes; (iv) a publicly available press release; (v) an internet page; (vi) a publicly available short-seller report; (vii) a publicly available permit application; and (viii) a spreadsheet reflecting Rocket Lab's historical stock prices from publicly available information. As shown below, courts in this Circuit routinely take judicial notice of such documents in securities cases. *See, e.g.*, *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1230-32 (C.D. Cal. 2015) (taking judicial notice of SEC filings, a company press release, and historical stock price data).

*First*, Exhibits 1-2, 5, 7-9, and 11-12 are (i) transcripts from earnings calls, (ii) a transcript and accompanying slide deck from an investor presentation, and (iii) transcripts from podcast interviews. "Courts in securities actions routinely take judicial notice of investor call transcripts and presentations." *In re Intel Corp.*, 2025 WL 1914884, at \*5 (taking judicial notice of transcripts and presentations); *see also, e.g.*, *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010) (taking judicial notice of "transcripts of conference calls with analysts and PowerPoint presentations to analysts" "not for the truth of the matter asserted, but to show disclosure of information"); *Patel v. Parnes*, 253 F.R.D. 531, 547 (C.D. Cal. 2008) (taking judicial notice of "conference call transcript" to "provide the full context in which information was disclosed to the market"); *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1122-23 (N.D.

Cal. 2017) (taking judicial notice of four earnings call transcripts and "PowerPoint slides presented" at an "investor conference"); *Ardolino v. Mannkind Corp.*, 2016 WL 4505172, at *4 (C.D. Cal. Aug. 23, 2016) (taking judicial notice of "transcripts of earnings conference calls"). Similar to earnings calls and investor presentations, courts may take judicial notice of podcast transcripts to understand what information was publicly disclosed to the market. *See Couch v. Verizon Commc'ns, Inc.*, 2021 WL 4476698, at *1 & n.4 (D.D.C. Sep. 30, 2021) (taking judicial notice of "relevant portions of the transcript and recording of" a podcast series); *Rein v. Dutch Bros., Inc.*, 2024 WL 3105004, at *1 n.1, *21-22 (S.D.N.Y. June 24, 2024) (considering portion of podcast transcript not quoted in complaint). As in all of these cases, Defendants ask the Court to take judicial notice of Exhibits 1-2, 5, 7-9, and 11-12 solely to demonstrate what information Defendants publicly disclosed to the market.

*Second*, Exhibit 3 contains excerpts of Rocket Lab's 2023 Form 10-K. Courts regularly take judicial notice of a company's SEC filings for purposes of determining what information was publicly disclosed. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (finding judicial notice of "publicly available financial documents, including a number of Corinthian's SEC filings . . . was proper"); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (a court "may consider . . . any matter subject to judicial notice, such as SEC filings"); *City of Roseville Employees' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013) ("Courts routinely take judicial notice of such things as public SEC filings . . . ."), *aff'd*, 691 F. App'x 393 (9th Cir. 2017).

*Third*, Exhibit 4 is a publicly available copy of the meeting minutes of the Accomack County Board of Supervisors' regular meeting. Courts routinely take judicial notice of meeting minutes. *See, e.g.*, *Kater v. Churchill Downs Inc.*, 886 F.3d 784, 788 n.3 (9th Cir. 2018) (taking "judicial notice of the slideshow, meeting minutes, and pamphlet"); *Alger Dynamic Opportunities Fund v. Acadia Pharms. Inc.*, 756 F. Supp. 3d 852, 861 (S.D. Cal. 2024) (taking judicial notice of meeting minutes); *Riggs v. Mariposa Cnty.*,

2025 WL 3187323, at *9 (E.D. Cal. Nov. 14, 2025) (same); *Barich v. City of Cotati*, 2022 WL 17551983, at *5 (N.D. Cal. Dec. 9, 2022) (same). The Court can also take judicial notice of the meeting minutes because they are public records subject to judicial notice. *Meeker v. Belridge Water Storage Dist.*, 2005 WL 6246803, at *7 (E.D. Cal. May 3, 2005) (holding "[m]inutes from an irrigation district's board meeting are public records subject to judicial notice in a motion to dismiss").

*Fourth*, Exhibit 6 is a publicly available press release issued by Rocket Lab. It is well established that courts may take judicial notice of press releases. *See, e.g.*, *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("Courts in the Ninth Circuit routinely take judicial notice of press releases."); *Farhar v. Ontrak, Inc.*, 714 F. Supp. 3d 1198, 1207 (C.D. Cal. 2024) (taking judicial notice of "press releases" as "matter[s] of public record"); *Prodanova v. H.C. Wainwright & Co.*, 2018 WL 8017791, at *5 (C.D. Cal. Dec. 11, 2018) (taking judicial notice of "press release"); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111-12 (N.D. Cal. 2009) (taking judicial notice of "press releases"); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (taking judicial notice of "press releases," holding that "the contents of these exhibits are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

*Fifth*, Exhibit 10 is a screenshot of the internet landing page containing the official description of a podcast that is publicly available on Spotify, the URL for which Plaintiffs plead in paragraph 81, footnote 13, of the SAC. Courts regularly consider such publicly available internet pages. *See, e.g.*, *In re Intel Corp. Sec. Litig.*, 792 F. Supp. 3d 1008, 1016 (N.D. Cal. 2025) (taking judicial notice of "material on public websites"); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (noting "[i]n general, websites and their contents may be judicially noticed" and collecting cases).

*Sixth*, Exhibit 13 is a publicly available short-seller report from Bleecker Street Research LLC. Similar to the above, courts can take judicial notice of statements made in short-seller reports to show what information was publicly available to the market. *See,*

*e.g.*, *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 2022 WL 22609807, at *4 (S.D. Cal. Apr. 11, 2022) (granting request for judicial notice and incorporation-by-reference of two short-seller reports because "[c]ourts regularly take judicial notice of [short-seller] reports . . . to determine what may or may not have been disclosed to the public" and because "Plaintiff relies heavily on the Short Seller Reports" in the complaint), *aff'd*, 97 F.4th 634 (9th Cir. 2024); *Sigman v. Nuscale Power Corp.*, 2025 WL 1455432, at *6 (D. Or. May 21, 2025) (taking judicial notice of short-seller report because the contents of the report were "not subject to reasonable dispute").

*Seventh*, Exhibit 14 is a joint permit application that was filed with the Virginia Marine Resources Commission and is publicly available on the Virgina Marine Resources Commission's government website. Courts take judicial notice of such filings with government entities because they are public records not subject to reasonable dispute. *See, e.g.*, *Borges v. Cnty. of Mendocino*, 598 F. Supp. 3d 846, 849 n.2, 852 & n.6 (N.D. Cal. 2022) (taking judicial notice of plaintiffs' permit application as a "public record[]"), *aff'd*, 2023 WL 2363692 (9th Cir. Mar. 6, 2023); *Hall v. City & Cnty. of San Francisco*, 2017 WL 5569829, at *3 (N.D. Cal. Nov. 20, 2017) (taking judicial notice of a "facilities use permit application from the San Francisco Unified School District"); *Eisenstecken v. Tahoe Reg'l Planning Agency*, 2025 WL 1531678, at *10 & n.11 (E.D. Cal. May 28, 2025) (taking judicial notice of email to regional government agency regarding permit "because the document is public record").

*Finally*, the Court can judicially notice Exhibit 15, which is a chart from Yahoo! Finance of historical stock prices for Rocket Lab from January 8, 2025, through January 16, 2026. "Because public[ly] traded companies['] historical stock prices can be readily ascertained," "those prices are not subject to reasonable dispute," and "courts routinely take judicial notice of them." *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014); *see also Metzler*, 540 F.3d at 1064 n.7 (judicially noticing a company's "stock price history" is "proper"); *ScripsAmerica*, 119 F. Supp. 3d at 1231-32 (taking judicial notice of historical stock price data); *In re Nvidia Corp. Sec. Litig.*,

12

2010 WL 4117561, at *2 n.3 (N.D. Cal. Oct. 19, 2010) (taking judicial notice of "the daily closing prices of NVIDIA's common stock as reported by Yahoo! Finance"). Here, because Rocket Lab's stock prices are not subject to reasonable dispute, the Court can take judicial notice of the contents of Exhibit 15.

Upon proper notice, the Court is required to take judicial notice of the documents listed above. *See* Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."); *Lyon*, 626 F.3d at 1075. Here, Rocket Lab has requested judicial notice and furnished the Court with the necessary information. The Court should take judicial notice of Exhibits 1-15.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider, in ruling on Defendants' Motion, Exhibits 1-15 attached to the Faigen Declaration, filed herewith.

DATED:  1/19/2026              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Peter B. Morrison*
PETER B. MORRISON
*Counsel for Defendants Rocket Lab USA, Inc.,*
*Peter Beck and Adam Spice*