PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
ZACHARY FAIGEN (SBN 294716)
zack.faigen@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:  (213) 687-5000

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DOUGLAS BRAY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ROCKET LAB USA, INC., PETER BECK, and ADAM SPICE, <br><br> Defendants. | No. 2:25-cv-01733-GW-KES <br><br> DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE <br><br> Judge:       Hon. George H. Wu <br> Courtroom: 9D <br> Date:        April 16, 2026 <br> Time:        8:30 a.m. |

Defendants submit this opposition to Plaintiffs' Request for Judicial Notice (ECF 89) because it is improper for Plaintiffs to seek to introduce new facts in connection with their Opposition to Defendants' Motion to Dismiss Second Amended Complaint (ECF 87) that they failed to plead in the Second Amended Complaint (ECF 81).

"In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original). Courts deny requests for judicial notice by plaintiffs who use the doctrine in attempt to amend their complaints. *See, e.g.*, *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *17 (C.D. Cal. July 16, 2015) (denying plaintiffs' request for judicial notice where plaintiffs "s[ought] to circumvent the fact that they…pled no facts" on an issue and improperly "attempt[ed] to amend their complaint through judicial notice"); *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F.Supp.3d 1328, 1350 (C.D. Cal. 2014) ("Plaintiffs cannot utilize the documents to amend the complaint and defeat defendants' motions to dismiss."); *In re Turbodyne Techs., Inc. Sec. Litig.*, 2000 WL 33961193, at *10 (C.D. Cal. Mar. 15, 2000) (denying plaintiffs' request for judicial notice where "plaintiffs clearly seek to have the court take judicial notice of Exhibit Q to cure…omission" of allegations in complaint). Accordingly, Plaintiffs' attempt to introduce Exhibits A-D to supply new facts that they did not plead should be denied. (*See* ECF 87 at 3 n.3, 20.)

Regardless, nothing in Exhibits A-D fixes Plaintiffs' failure to plead falsity, scienter and loss causation.

*First*, Plaintiffs request judicial notice of Exhibits A-C in an effort to show that Rocket Lab did not state, on every single earnings call since February 28, 2023, that the projected timetable for Neutron's test-launch was based on a "green light schedule"—meaning everything had to go according to plan at every step to meet the projected launch timing. (*See* ECF 87 at 3 n.3.) It is unclear why that fact is relevant to any issue in this case. Plaintiffs do not dispute that Rocket Lab publicly stated on numerous occasions that the projected launch date *was* based on a "green light schedule." (*See* ECF 82 at 3.) Nor do Plaintiffs claim that

Rocket Lab ever stated it was *not* on a "green light schedule." Simply because Rocket Lab did not repeat the exact words "green light schedule" every time it discussed Neutron's projected timeline does not mean it had abandoned such a schedule or somehow guaranteed that a future test-launch date was set in stone, particularly considering Rocket Lab continued to say precisely the opposite. Notably, Plaintiffs do not allege any facts indicating that investors were ever under the impression that the future projected timeline for the test-launch of the revolutionary, never-before-built, reusable Neutron rocket was somehow immutably set, and that there could not possibly be any delays in its launch schedule.

*Second*, Plaintiffs request judicial notice of Exhibit D to introduce the unpled fact that Plainview—the short-seller at issue in *In re Nektar Therapeutics Securities Litigation*, 34 F.4th 828, 840 (9th Cir. 2022)—has published only three articles on the Seeking Alpha website. (*See* ECF 87 at 19-20; ECF 88-4 at 1.) From this unpled fact, Plaintiffs ask the Court to infer that the short-seller entity that published the short-seller report in this case, Bleecker Street, is more well-known than the short-seller entity that published the short-seller report in *Nektar* and, therefore, not as "anonymous." (ECF 87 at 19-20.) That newly introduced argument is legally irrelevant. The test for whether a short-seller report is "anonymous" is whether the report discloses "the identity of any actual person who wrote the representations in it," not who "sponsored the report." *Ng v. Berkeley Lights, Inc.*, 2024 WL 695699, at *16 n.7 (N.D. Cal. Feb. 20, 2024). Therefore, taking judicial notice of the number of Plainview reports on the Seeking Alpha web page has no bearing on the adjudication of Defendants' motion to dismiss.

Accordingly, the Court should deny Plaintiffs' Request for Judicial Notice. It is improper for Plaintiffs to seek to introduce new, unpled facts in connection with an opposition to a motion to dismiss. Should the Court consider Exhibits A-D, nonetheless, the exhibits do not affect the outcome of Defendants' motion.

DATED:  3/9/2026              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


                                        /s/ *Peter B. Morrison*
                                     PETER B. MORRISON
                              *Counsel for Defendants Rocket Lab USA, Inc.,*
                                  *Peter Beck, and Adam Spice*

2